■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK P. FEHR, Appellant.—Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered May 16, 1988, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.

Defendant's claim regarding the sufficiency of his plea allocution was not preserved for appellate review because defendant failed to move in County Court to withdraw the plea or vacate the judgment of conviction (see, People v Lopez, 71 NY2d 662, 665; People v Pellegrino, 60 NY2d 636, 637). In any event, the record indicates that defendant's plea was knowing, voluntary and the result of a bargained agreement with the District Attorney and, as such, a factual basis for the particular crime confessed was unnecessary (see, People v Francis, 38 NY2d 150, 155-156; People v Epps, 122 AD2d 587, 588, lv denied 68 NY2d 914, cert denied 479 US 1068; see also, People v Phelps, 140 AD2d 637, lv denied 72 NY2d 922). Finally, defendant pleaded guilty knowing that he would be sentenced as a second felony offender to 3½ to 7 years' imprisonment. Furthermore, five other charges were dropped as a result of the plea agreement. Under the circumstances, coupled with defendant's criminal history, it cannot be said that County Court abused its discretion in imposing sentence (see, People v Dean, 155 AD2d 774, 775, lv denied 75 NY2d 812; People v Neira, 130 AD2d 518, lv denied 70 NY2d 715; People v Aia, 105 AD2d 592, 593).

Judgment affirmed. Mahoney, P. J., Casey, Weiss and Harvey, JJ., concur.