■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR APONTE, Appellant.—Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered June 11, 1990, convicting defendant upon his plea of guilty of the crime of manslaughter in the first degree.

Defendant's main contention on appeal is that County Court erred when it denied his suppression motion by ruling that certain periods of defendant's silence that occurred during his questioning by police could be used against him if he went to trial. While County Court initially made such a ruling on defendant's suppression motion, a few days later the court retracted its denial and reserved decision until the trial evidence developed. The court, in effect, never resolved this suppression issue and defendant's subsequent guilty plea resulted in a forfeiture of appellate review on that issue (see, People v Fernandez, 67 NY2d 686, 688; People v Henderson, 130 AD2d 789, 791). In any event, we find that, under the circumstances presented here, County Court's decision was proper and does not, as defendant contends, offend People v Conyers (52 NY2d 454). Defendant, who did not invoke his right to remain silent, clearly agreed to speak with the police regarding the facts of the case and he offered an exculpatory explanation of his activities on the day of the incident. If defendant testified at trial and offered an exculpatory explanation not offered previously, his conduct during police questioning would have been admissible on cross-examination to impeach credibility (see, People v Savage, 50 NY2d 673, cert denied 449 US 1016). Any remaining claims of error have been reviewed and found to be lacking in merit.

Levine, J. P., Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed.