(November 19, 1998)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRANDON M. TERWILLIGER, Appellant. [682 NYS2d 109] —White, J. Appeals (1) from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered March 18, 1996, upon a verdict convicting defendant of two counts of the crime of assault in the second degree, and (2) by permission, from an order of said court, entered December 19, 1997, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Following a melee that occurred on August 24, 1995 in an apartment located in the City of Elmira, Chemung County, in which defendant allegedly struck Anthony Lewis and Jeffrey Mahood in the head with a baseball bat, defendant was indicted for the crimes of burglary in the first degree and two counts of assault in the second degree. Thereafter, a jury acquitted him of the burglary charge but found him guilty of the assault charges. Defendant appeals.

We affirm. Defendant's principal argument that he was denied effective assistance of counsel is considerably weakened by the fact that his counsel's efforts resulted in an acquittal of the most serious charge against him. In any event, we will not second-guess counsel's failure to have forensic tests conducted on the baseball bat since his decision is explained by his pre-

sentation of evidence that defendant did not have a bat and used only his fist in the altercation (*see, People v Benevento*, 91 NY2d 708, 712; *People v Barber*, 231 AD2d 835). Moreover, while counsel might have objected to the introduction of a photograph of Mahood's injuries on his body and a portion of the court's charge relating thereto, defendant has not shown that, but for these alleged errors, the result would have been different, particularly as there was eyewitness testimony that he struck Mahood in the head with a bat (*see, People v Washington*, 233 AD2d 684, 689, *lv denied* 89 NY2d 1042). Therefore, viewing the record in its totality and at the time of representation, we conclude that defendant was provided with meaningful representation since his attorney made cogent opening and closing statements, aggressively cross-examined the People's witnesses, raised appropriate objections and called several defense witnesses (*see, People v McClain*, 250 AD2d 871, 873; *People v Hill*, 225 AD2d 902, 903, *lv denied* 88 NY2d 1021).

Lastly, we perceive no error in County Court's denial of defendant's CPL 440.10 motion without a hearing (*see, People v Grasso*, 237 AD2d 741, 743, *lv denied* 89 NY2d 1035; *People v Davenport*, 233 AD2d 771, 773, *lv denied* 89 NY2d 1091).

Mercure, J. P., Peters, Spain and Graffeo, JJ., concur. Ordered that the judgment and order are affirmed.