■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN M. HOGENCAMP, Appellant. [743 NYS2d 608] —Mugglin, J. Appeal from a judgment of the County Court of Delaware County (Estes, J.), rendered October 16, 2000, upon a verdict convicting defendant of the crime of aggravated harassment in the second degree.

Defendant was arrested for a series of burglaries which occurred in the Town of Colchester, Delaware County. While incarcerated in the Delaware County Jail, defendant authored and mailed a letter to the Town's Chief of Police, a prosecution witness with respect to the burglaries, which contained threats to kill the Chief and sodomize his wife. As a result, defendant was indicted for intimidating a victim or witness in the third degree (a class E felony) and aggravated harassment in the second degree (a class A misdemeanor). The jury convicted defendant of only the misdemeanor count and he appeals, alleging that County Court erred in its *Sandoval* ruling and that he received ineffective assistance of counsel.

Defendant's specific *Sandoval* objection is that County Court ruled, inter alia, that if defendant testified, the People could cross-examine him about an October 22, 1998 conviction for harassment in the second degree and the underlying conduct. Defendant's argument is that this crime is so similar to the crime charged in the second count of the indictment that cross-examination concerning it created an impermissible risk of unfair prejudice. In its *Sandoval* ruling, not only did County Court prohibit the People from questioning defendant about arrests which did not result in convictions, but it further prohibited the People from asking defendant about his recent burglary convictions and a November 17, 1998 harassment conviction. County Court permitted cross-examination with respect to the October 22, 1998 harassment conviction because it originated as a charge of sexual misconduct, a crime not similar to the second count of this indictment. County Court also permitted cross-examination for a conviction for grand larceny, petit larceny and unauthorized use of a vehicle as probative of defendant's credibility. In our view, County Court struck an appropriate balance between the probative value of these prior convictions and the risk of unfair prejudice to defendant (*see, People v Williams*, 56 NY2d 236, 237-238; *People v Pollock*, 50 NY2d 547, 549). Similarity between a prior conviction and a

current charge is only one factor to be considered by the court in exercising its discretion in making a *Sandoval* ruling (*see, People v Hayes*, 97 NY2d 203, 206-207). Here, contrary to defendant's claim of abuse, we find that County Court carefully and properly exercised its discretion in making this ruling (*see, People v Shields*, 46 NY2d 764, 765; *People v Sandoval*, 34 NY2d 371, 375).

Defendant's claim of ineffective assistance of counsel is based on his counsel's summation to the jury. Counsel, while arguing that there was insufficient evidence to prove beyond a reasonable doubt two elements of the felony charge, conceded that the letter sent by defendant constituted aggravated harassment in the second degree. Defendant thus argues that he was deprived of his right to a fair trial. We disagree. Counsel's effectiveness must be viewed from the totality of all of the circumstances of a particular case and, as so viewed, if the attorney provided meaningful representation, the constitutional requirement will have been met (*see, People v Baldi*, 54 NY2d 137, 147). Mere losing strategy or tactics do not equate to ineffective assistance so long as a defendant's fundamental right to a fair trial is not jeopardized (*see, People v Benevento*, 91 NY2d 708, 711; *People v Flores*, 84 NY2d 184, 187). The obvious Hobson's choice faced by this defense counsel was whether to attempt to defend the indefensible and risk loss of credibility which could result in a conviction on both counts or to concede the indefensible, preserve credibility and argue for an acquittal on the more serious felony charge. Conceding, during summation, the strength of the prosecution's evidence with respect to the misdemeanor charge does not constitute ineffective assistance of counsel since it was clearly an effective trial strategy (*see, People v Ellis*, 81 NY2d 854, 856-857; *People v Terwilliger*, 255 AD2d 762, 762, *lv denied* 93 NY2d 902; *People v Morris*, 100 AD2d 630, 631, *affd* 64 NY2d 803).

Mercure, J.P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.