■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON PORTER, Appellant. [749 NYS2d 912] —Carpinello, J. Appeal from a judgment of the County Court of Warren County (Austin, J.), rendered August 30, 2000, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree and assault in the second degree (three counts).

In March 2000, defendant was charged in an indictment with criminal possession of a controlled substance in the third degree, criminal sale of a controlled substance in the third degree, coercion in the first degree and rape in the first degree. His counsel subsequently made an omnibus motion seeking, inter alia, to dismiss the indictment on the ground that he was deprived of his statutory right to testify before the grand jury. County Court declined to dismiss the indictment on this basis. While incarcerated on the stated charges, defendant was involved in an altercation with two other inmates. He subsequently waived indictment and was charged in a superior court information with two counts of assault in the second degree as a result of this incident.

Thereafter, defendant agreed to plead guilty to criminal sale of a controlled substance in the third degree and three counts of assault in the second degree in full satisfaction of the indictment, superior court information and other then pending weapons charges. The plea agreement included a waiver of defendant's right to appeal and the imposition of an indeterminate prison term of 5 to 10 years on the criminal sale charge and determinate three-year prison terms on each of the assault charges, all to run concurrently. Defendant proceeded to enter his plea and was sentenced in accordance with the plea agreement.

Defense counsel seeks to be relieved of his assignment of

representing defendant, asserting that there are no nonfrivolous issues that may be raised on appeal. Defendant, in his pro se brief, argues that he was deprived of the effective assistance of counsel and that County Court erroneously denied his motion to dismiss the indictment. Defendant's waiver of appeal "preclude[s] review of his claimed denial of his right to the effective assistance of counsel except insofar as the alleged ineffective assistance impacted on the voluntary nature of his plea" (*People v Conyers*, 227 AD2d 793, 793, *lv denied* 88 NY2d 982). Defendant's three contentions with regard to ineffective assistance of counsel are either unrelated to the voluntariness of his plea or are directly contradicted by the record which clearly establishes that defendant knowingly and voluntarily entered into this plea agreement. As for defendant's contention that County Court erred in denying his motion to dismiss the indictment, defendant's plea forecloses consideration of such claim (*see People v Harris*, 293 AD2d 818, *lv denied* 98 NY2d 676).

In short, our review of the record, the brief submitted by defense counsel and defendant's pro se brief confirms that there are no nonfrivolous issues that could be raised on appeal (*see People v Cruwys*, 113 AD2d 979, *lv denied* 67 NY2d 650; *see generally People v Stokes*, 95 NY2d 633). Therefore, the judgment should be affirmed and defense counsel's application for leave to withdraw granted.

Cardona, P.J., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, and application to be relieved of assignment granted.