■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUNE MAXAM, Appellant. [753 NYS2d 599] —Carpinello, J. Appeals (1) from a judgment of the County Court of Warren County (Scarano, Jr., J.), rendered July 7, 2000, upon a verdict convicting defendant of two counts of the crime of offering a false instrument for filing in the first degree, and (2) by permission, from an order of said court, entered December 10, 2001, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant stands convicted of two counts of offering a false instrument for filing in the first degree following a jury trial based on allegations that she filed criminal complaints and supporting depositions against two of her neighbors, Donald Lambert and Eleanor Lambert, falsely accusing each of stalking and harassing her between May 11, 1998 and August 24, 1998. The proof at trial established that any and all harassing behavior between these parties was in fact committed by defendant and not either of the Lamberts. Sentenced to concurrent nine-month jail terms on each count, defendant appeals from the judgment of conviction, as well as from the denial of her subsequent CPL article 440 motion.

The record reveals that defendant has had a long and tortured relationship with the Lamberts, as well as just about every elected official and police agency in her community. Defendant claims that all of these people have a demonstrated animus toward her because she has criticized them in a local newspaper that she intermittently publishes. Thus, defendant claims that the instant charges stem from a biased police investigation and are vengeful and retaliatory in nature. Indeed, with repeated references to this being nothing more than a case of "small town enemies" retaliating over such newspaper articles, defendant first argues that the verdict is against the weight of the evidence in that two elements were not proven, namely, knowledge that the charges she filed against the Lamberts were false and intent to defraud (*see* Penal Law § 175.35).

To be sure, while the parties' inability to reside peacefully with each other in the same community could have once been classified as a mere "small town feud," defendant elevated the situation into the criminal arena by continually harassing the Lamberts and by thereafter filing criminal complaints against them, accusing them of the very same conduct which she herself had perpetrated on them. Upon the exercise of our factual review power, and according the jury's credibility determinations due deference, we find no basis to disturb the guilty verdict (*see* CPL 470.15 [5]; *People v Bleakley*, 69 NY2d 490, 495; *see also People v Stumbrice*, 194 AD2d 931, 934, *lv denied* 82 NY2d 727). According to the testimony of Eleanor Lambert, defendant has been following her around town on a near daily basis for over a decade, shouting obscenities at her, making offensive hand gestures and purportedly taking her picture. Thus, in June 1998, Eleanor Lambert went to the Warren County Sheriff's Department and requested that a complaint be filed against defendant for harassment and stalking, a request that she had repeatedly made in the past to no avail.

Following a detailed investigation, which included a two-week surveillance of defendant, the Sheriff's Department charged defendant with harassment in the first degree and menacing in the second degree. Defendant, in turn, filed the allegedly false criminal complaints against the Lamberts. At the trial on the subject charges, Eleanor Lambert categorically denied engaging in any of the conduct alleged by defendant and specifically denied ever harassing or following her. In fact, she testified that she was afraid of her. Donald Lambert also denied engaging in the conduct of which he was accused and denied ever harassing defendant.

Most significantly, it was revealed that on certain dates that defendant claimed to have been harassed by the Lamberts, she herself was under surveillance by the Sheriff's Department and the investigating officer observed no such conduct by them. To the contrary, this officer's surveillance of defendant between June 30, 1998 and July 16, 1998 revealed that she constantly followed Eleanor Lambert, yelled obscenities at her and took or pretended to take her photograph. The jury was entitled to credit these witnesses' testimony and to conclude that defendant knew that the allegations contained in her complaints and supporting depositions were false. Moreover, her intent to defraud the state is readily inferable from these facts (*see People v Rubin*, 286 AD2d 555, *lv denied* 97 NY2d 733; *People v Stumbrice, supra* at 934), particularly since the complaints requested that arrest warrants and orders of protection be issued.

Defendant also claims on appeal that her local community's demonstrated hostility and bias against her tainted the instant trial. Specifically, she accuses County Court of being prejudiced against her and argues that the court should have recused itself from the case. Aside from the fact that this issue is unpreserved for review since defendant never moved for recusal or objected to any conduct of County Court during trial (*see People v Darling*, 276 AD2d 922, 924, *lv denied* 96 NY2d 733), our review of the record reveals that these assertions are totally unfounded. Throughout all proceedings in this matter, County Court, in the face of a difficult defendant who went through numerous attorneys, took great strides to ensure that the trial proceeded in a fair and even-handed manner and that defendant was fully advised of, and understood, her rights at all times. In sum, no ruling or comment by County Court during any part of the proceedings remotely supports defendant's present surmise of hostility or bias. Thus, recusal was not warranted (*see id.*).

Equally specious is defendant's assertion that she received ineffective assistance from her trial counsel, Frederick Rench. Some of the alleged omissions which defendant attributes to Rench (i.e., his alleged failure to file any pretrial motions or compel discovery) had in fact been accomplished by another of defendant's five previous attorneys in the matter. Indeed, Rench was assigned shortly before trial and defended the case with aplomb, despite having a contentious client, and even securing an acquittal on one particular felony count (*see e.g. People v Terwilliger*, 255 AD2d 762, *lv denied* 93 NY2d 902; *People v Jefferson*, 248 AD2d 815, *lv denied* 92 NY2d 926). He

ardently argued to the jury during his opening and closing statements that the People could not establish two elements of their case—knowledge of falsity and intent to defraud—and earnestly attempted to persuade them that the police simply had a bias against defendant and were attempting to "silence the dissenter." Consistent with this theory, Rench also attempted to establish during cross-examination of certain witnesses that Eleanor Lambert had taunted defendant with the help of police and that defendant simply took the "bait." Rench made appropriate motions, registered numerous objections and, contrary to defendant's contention, requested an adjournment of the trial after defendant voluntarily left the courtroom at the beginning of the defense case and then failed to attend the remainder of the trial.* Although Rench ultimately did not prevail in his defense of the two charges pertaining to the Lamberts, he was hardly ineffective and most assuredly provided defendant with meaningful representation (*see People v Baldi*, 54 NY2d 137, 147).

Defendant's remaining contentions warrant little or no comment as each is likewise without merit. Since defendant never testified and thus could not authenticate a diary that she apparently maintained during the spring and summer of 1998, the issue of whether certain entries therein should have been admitted at trial is academic (*see* Fisch, New York Evidence §§ 101, 102, at 61-62 [2d ed]). Finally, we reject the contention that the sentence imposed (i.e., nine months in jail), which was far less in duration and severity than the maximum permissible sentence (i.e., up to four years in state prison), was harsh or excessive.

Crew III, J.P., Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment and order are affirmed.

---

* To this end, we reject defendant's claim that her convictions must be reversed because the trial continued in her absence. Defendant had been thoroughly and repeatedly warned by County Court that if she did not show up in court, the trial would proceed in her absence (*see People v Michael*, 293 AD2d 428; *People v Wallace*, 182 AD2d 1079, *lv denied* 80 NY2d 839; *People v Coumbes*, 119 AD2d 935, *lv denied* 68 NY2d 811).