■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY J. PALERMO, JR., Appellant. [753 NYS2d 402] —Carpinello, J. Appeal from a judgment of the County Court of Greene County (Pulver, Jr., J.), rendered July 11, 2000, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.

Indicted on two counts of felony driving while intoxicated and one count of aggravated unlicensed operation of a motor vehicle, defendant pleaded guilty to driving while intoxicated in satisfaction of the indictment, as well as another unrelated charge. His guilty plea included a waiver of the right to appeal. Sentenced in accordance with the plea agreement to 1 to 3 years in prison, defendant appeals.

First, upon our review of the plea colloquy, we are satisfied that defendant knowingly, voluntarily and intelligently entered into the guilty plea (*see e.g. People v Whitesell*, 299 AD2d 654). Defendant acknowledged that he wished to plead guilty to operating a motor vehicle while intoxicated knowing that the charge constituted a felony offense and further acknowledged that in so doing he was giving up certain legal rights, including the right to a jury trial, the right to remain silent and the right to appeal his conviction and sentence. Moreover, before admitting to the factual allegations in count one of the indictment, defendant denied that any promises or threats had been made to induce his plea. Given these facts, we are unpersuaded by defendant's claims that he was compelled to plead guilty and that the plea was not voluntary.

Having pleaded guilty and waived the right to appeal, defendant is precluded from now claiming that his attorney was ineffective (*see e.g. People v Porter*, 300 AD2d 698, 699; *People v Terry*, 300 AD2d 757, 757-758),\* that County Court should have recused itself (*see e.g. People v Lanahan*, 276 AD2d 906, 909, *lv denied* 95 NY2d 965; *People v Griffiths*, 155 AD2d 777, 779) or that the People were bound by a prior plea offer (*compare People v Argentine*, 67 AD2d 180, 184). In any event, we have reviewed each of these contentions and find them to be without merit. Lastly, we find defendant's claim that he was

---

\* Notably, defendant's claims concerning the effectiveness of counsel are unrelated to the voluntariness of his plea (*see People v Porter, supra*).

denied the right to address County Court prior to sentencing also to be without merit. The record reveals that the court did in fact give defendant and his attorney the opportunity to be heard in open court (*see* CPL 380.50 [1]), but each declined for different but equally unpersuasive reasons.

Cardona, P.J., Crew III, Peters and Rose, JJ., concur. Ordered that the judgment is affirmed.