■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEWELL R. WATKINS, SR., Appellant. [756 NYS2d 925] —Carpinello, J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered March 25, 2002, convicting defendant upon his plea of guilty of the crime of rape in the third degree.

Defendant was arrested in the Village of Tupper Lake, Franklin County, and charged with the crime of rape in the third degree for allegedly having sexual relations with a 14-year-old girl. At the arraignment, defendant waived indictment and entered an *Alford* plea in full satisfaction of this charge and other pending charges of unlawfully dealing with a child. He also waived his right to appeal all issues other than sentencing. Although the People recommended a sentence of imprisonment of up to one year, County Court sentenced defendant to a prison term of 1 to 3 years.

On this appeal, defendant initially contends that County Court abused its discretion when it departed from the sentencing recommendation. We disagree. County Court was not bound by the recommendation (*see People v Hope*, 274 AD2d 673, 674 [2000], *lv denied* 95 NY2d 890 [2000]; *People v Judware*, 252 AD2d 663 [1998], *lv denied* 92 NY2d 927 [1998]; *People v Laraby*, 196 AD2d 942 [1993], *lv denied* 82 NY2d 898 [1993]). Furthermore, given the nature and circumstances of this case and the fact that defendant was fully informed of the court's sentencing options, we find no abuse of discretion nor any extraordinary circumstances warranting a modification of the sentence in the interest of justice (*see People v Mann*, 283 AD2d 724 [2001]; *People v Judware, supra*).

We also reject defendant's claim of ineffective assistance of

counsel. This argument is precluded by defendant's waiver of appeal insofar as the alleged ineffective assistance of counsel in no way impacted upon the voluntariness of his plea (*see People v Porter*, 300 AD2d 698, 699 [2002]; *People v Conyers*, 227 AD2d 793 [1996], *lv denied* 88 NY2d 982 [1996]).

Mercure, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.