(March 18, 2004)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL RIZZO, Appellant. [774 NYS2d 98]—

Rose, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered April 5, 2002, convicting defendant upon his plea of guilty of the crime of attempted burglary in the third degree.

Defendant was charged in an indictment with burglary in the third degree, petit larceny and criminal mischief in the fourth degree. Prior to trial, the prosecution served a notice pursuant to CPL 710.30 indicating its intention to offer into evidence a statement made by defendant to a police investigator on August 23, 2001 that he could not help the investigator with the case because he was a two-time convicted felon. Thereafter, defendant moved for, among other things, a *Huntley* hearing to

determine the admissibility of the statement. At the conclusion of the *Huntley* hearing, County Court determined that the statement was voluntary and, therefore, admissible. Two days later, however, during subsequent proceedings, the court heard further argument on the issue and agreed to reconsider it, directing the attorneys to provide further submissions the following week. Before the court made a final ruling, defendant pleaded guilty to attempted burglary in the third degree in full satisfaction of the indictment. In accordance with the plea agreement, he was sentenced as a second felony offender to 2 to 4 years in prison. He now appeals.

Initially, we conclude that once County Court agreed to reconsider the admissibility of defendant's statement, there was no longer "[a]n order finally denying a motion to suppress" under CPL 710.70 (2) (*see People v Petgen*, 55 NY2d 529, 534 [1982]). "The court, in effect, never resolved this suppression issue and defendant's subsequent guilty plea resulted in a forfeiture of appellate review on that issue" (*People v Aponte*, 180 AD2d 910, 910 [1992], *lv denied* 79 NY2d 997 [1992] [citations omitted]). In any event, were we to consider it, we would find it to be without merit.

Likewise, defendant's failure to make a motion or otherwise request County Court to recuse itself from the case renders his claim of bias unpreserved for review (*see People v Lebron*, 305 AD2d 799, 800 [2003], *lv denied* 100 NY2d 583 [2003]; *People v Maxam*, 301 AD2d 791, 793 [2003], *lv denied* 99 NY2d 617 [2003]). Were we to consider it, we would also find it to be unavailing. Although County Court made reference during the bail hearing to defendant's prior residence in Brooklyn, this was in the context of the court's review of his extensive criminal record, which included prior crimes committed there. In addition, while the court directed that defendant's girlfriend be held in contempt, this was in response to her disruptive conduct at the bail hearing during which she whistled at the court's pronouncement of a bail figure. In our view, neither of these actions was indicative of bias on the part of County Court and, therefore, recusal was not warranted (*see People v Maxam, supra* at 793; *People v Darling*, 276 AD2d 922, 924 [2000], *lv denied* 96 NY2d 733 [2001]). Accordingly, we find no reason to disturb the judgment of conviction.

Peters, J.P., Spain, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed.