■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK HUMES, Appellant. [791 NYS2d 212]—

Lahtinen, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered February 14, 2003, convicting defendant upon his plea of guilty of the crime of burglary in the third degree and of violating the terms of his probation.

While on probation, defendant entered a church school building, took money and damaged property. He was charged in an indictment with burglary in the third degree and criminal mischief in the third degree. He was also charged with violating the terms of his probation. During proceedings before County Court, it was disclosed that defendant suffered from mental illness as well as addiction issues, but that he also had an extensive criminal record. A plea agreement was reached under which County Court agreed that, in exchange for defendant's plea to burglary in the third degree, he would be treated as a second felony offender rather than a persistent felony offender, and the sentence would be capped at $3^1/_2$ to 7 years in prison. Under the terms of the plea agreement, defendant also agreed to waive his right to appeal. Defendant pleaded guilty to the burglary charge and also to violating the terms of his probation. Thereafter, County Court sentenced him to concurrent prison terms of $3^1/_2$ to 7 years on the burglary charge and $1^1/_2$ to 3 years on the charge underlying the probation violation, which County Court believed to be attempted burglary in the third degree. He now appeals.

Initially, we note that defendant's knowing, voluntary and intelligent waiver of the right to appeal precludes his challenge to the severity of the sentence with respect to the burglary charge (see People v Clow, 10 AD3d 803, 804 [2004]; People v Hughes, 3 AD3d 736, 737 [2004]). Even if we were to consider defendant's argument, we would find it unpersuasive as the record discloses that County Court adequately considered the mitigating circumstances of defendant's mental illness in agreeing not to sentence him as a persistent felon, which would have exposed him to significantly more prison time. Defendant's waiver, however, does not hinder review of the legality of the sentence imposed with respect to the probation violation (see People v Espino, 279 AD2d 798, 799 [2001]). Both parties agree

that County Court incorrectly sentenced defendant to 1½ to 3 years in prison on the underlying crime of attempted burglary in the third degree because it had been reduced to the misdemeanor of criminal mischief in the fourth degree. Accordingly, defendant's sentence in this regard is vacated. There is no need to remit for resentencing since defendant has already served the maximum time to which he could have been sentenced on the misdemeanor (*see People v Oliphant*, 127 AD2d 802, 803 [1987]).

Defendant's claim of ineffective assistance of counsel is also foreclosed by his waiver of the right to appeal as it does not bear upon the voluntariness of his plea (*see People v Lane*, 1 AD3d 801, 803 [2003], *lv denied* 2 NY3d 742 [2004]; *People v Watkins*, 304 AD2d 987, 988 [2003], *lv denied* 100 NY2d 588 [2003]; *see also People v Perry*, 4 AD3d 618, 620 [2004], *lv denied* 2 NY3d 804 [2004]). In any event, a defense counsel's failure to persuade a sentencing court to impose a lighter sentence does not render counsel ineffective (*see People v Howard*, 1 AD3d 718, 719 [2003]; *People v Smith*, 300 AD2d 745, 746 [2002], *lv denied* 99 NY2d 620 [2003]).

Mercure, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as imposed a sentence of imprisonment of 1½ to 3 years upon defendant's probation violation; said sentence vacated; and, as so modified, affirmed.