(May 12, 2005)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD B. STUBBLEFIELD, Appellant. [798 NYS2d 740]—Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered May 4, 2001, convicting defendant upon his plea of guilty of the crime of assault in the first degree.

In August 2000, defendant attacked an acquaintance with a serrated kitchen knife, inflicting cuts to the victim's head, chest and back, and causing him to jump from a second story porch, resulting in a compound fracture to his leg. The victim later had to have his leg amputated. As a result of this incident, defendant was charged with assault in the first degree and pleaded guilty to this crime in exchange for a promised sentence of seven years in prison, to be followed by a 2½-year period of postrelease supervision. Defendant was sentenced as agreed and now appeals.

Initially, we note that defendant's challenges to the sufficiency of the plea allocution and the effectiveness of his trial counsel have not been preserved for our review inasmuch as he did not to move to withdraw the plea or vacate the judgment of conviction (see People v Coles, 13 AD3d 665, 666 [2004]; People v Hayes, 307 AD2d 548, 549 [2003], lv denied 1 NY3d 573 [2003]). With respect to the plea allocution, the narrow exception to the preservation requirement is inapplicable as there is no indication that defendant made statements negating the essential elements of the crime (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Wehrle, 308 AD2d 660, 661 [2003]). Moreover, were this issue properly before us, our review of the record would lead us to conclude that defendant was not denied meaningful repre-

sentation. Defendant also challenges the severity of the sentence. However, given the brutal nature of the crime, evincing a total disregard for human life, and that the sentence was agreed to as part of the plea, we find no extraordinary circumstances or an abuse of discretion warranting a reduction in the interest of justice (*see e.g. People v Purcell*, 8 AD3d 821, 822 [2004]; *People v Turner*, 8 AD3d 688, 688-689 [2004]).

Cardona, P.J., Crew III, Peters, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.