■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BRIGGS, Appellant. [799 NYS2d 664]—

Mercure, J. Appeal from a judgment of the County Court of

Schenectady County (Hoye, J.), rendered January 21, 2004, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.

Defendant was indicted for criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, both class B felonies. Defendant agreed to plead guilty to one count of attempted criminal sale of a controlled substance in the third degree, a class C felony (*see* Penal Law § 110.05 [4]), in full satisfaction of the indictment. As part of the plea agreement, defendant waived his right to appeal and executed a written waiver to that effect. In accordance with the plea agreement, defendant was sentenced as a second felony offender to a term of incarceration of 3 to 6 years. He now appeals.

Defendant's challenge to the sufficiency of the plea allocution is precluded by his waiver of the right to appeal, as well as by his failure to move to withdraw the plea or vacate the judgment of conviction (*see People v Kelly*, 3 AD3d 789, 789 [2004], *lv denied* 2 NY3d 801 [2004]; *People v Kalenak*, 2 AD3d 902, 902 [2003], *lv denied* 1 NY3d 629 [2004]). The exception to the preservation rule is inapplicable because defendant made no statements during the plea allocution that were inconsistent with his guilt (*see People v Lopez*, 71 NY2d 662, 666-667 [1988]; *People v Kelly, supra* at 789; *People v Kalenak, supra* at 902; *People v Kemp*, 288 AD2d 635, 636 [2001]). Defendant's claim that County Court's allocution was inadequate because defendant provided little more than "yes" or "no" responses is without merit. The record shows that defendant's affirmative responses to County Court's questions established the elements of the crime to which defendant pleaded guilty (*see People v Goodell*, 13 AD3d 816, 817 [2004], *lv denied* 4 NY3d 831 [2005]; *People v Kemp, supra* at 636).

Defendant's claim that he was denied the effective assistance of counsel due to his attorney's overall poor performance is foreclosed by his waiver of the right to appeal inasmuch as the ineffectiveness alleged does not bear upon the voluntariness of his plea (*see People v Lane*, 1 AD3d 801, 803 [2003], *lv denied* 2 NY3d 742 [2004]; *People v Watkins*, 304 AD2d 987, 987-988 [2003], *lv denied* 100 NY2d 588 [2003]). In any event, defendant "receive[d] an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (*People v Ford*, 86 NY2d 397, 404 [1995]; *see People v Wright*, 295 AD2d 806, 807 [2002]). Defendant's challenge to the severity of his sentence is likewise barred by his voluntary waiver of appeal,

and we find no basis on this record to conclude that said waiver should not be honored (*see People v Clow*, 10 AD3d 803 [2004]).

Cardona, P.J., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.