■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES SIMMONS, Appellant. [805 NYS2d 858]—Peters, J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered October 30, 2003, convicting defendant upon his plea of guilty of the crime of assault in the second degree.

Pursuant to a negotiated plea agreement, defendant pleaded guilty to assault in the second degree in full satisfaction of a four-count indictment and waived his right to appeal. As agreed, he was sentenced to three years in prison, with five years of

postrelease supervision. Defendant now challenges the factual sufficiency of the plea allocution.

Where, as here, the plea was knowing, voluntary and intelligently given, and included a comprehensive waiver of the right to appeal (*see People v Clow*, 10 AD3d 803, 804 [2004]), coupled with a failure to move to withdraw the plea or vacate the judgment of conviction, further review is precluded (*see People v Briggs*, 21 AD3d 652, 653 [2005]; *People v Stubblefield*, 18 AD3d 955, 955 [2005], *lv denied* 5 NY3d 795 [2005]). Contrary to defendant's assertions, he would not be eligible for the narrow exception to the preservation requirement because his plea was voluntarily given and his statements did not negate the essential elements of the crime (*see People v Bethea*, 19 AD3d 813, 814 [2005]; *People v MacCue*, 8 AD3d 910, 911 [2004], *lv denied* 3 NY3d 708 [2004]). Nor do we find reversible error from the denial of his request to defend himself pro se because his assertion was equivocal (*see People v McIntyre*, 36 NY2d 10, 17 [1974]).

Mercure, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.