■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GRADY MABRY, Appellant. [810 NYS2d 577]—

Peters, J. Appeal from a judgment of the County Court of Cortland County (Campbell, J.), rendered May 6, 2004, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.

In full satisfaction of a six-count indictment, defendant pleaded guilty, pursuant to a negotiated plea agreement, to attempted criminal sale of a controlled substance in the third degree and waived his right to appeal. In accordance with that agreement, defendant was sentenced to a prison term of 3 to 6 years. He now appeals, challenging the sufficiency of his plea allocution, the voluntariness of his plea and the effectiveness of his counsel.

Defendant contends that his plea allocution was insufficient because he never recited the actions taken by him to establish the elements of the crime. Where, as here, there is an enforceable appeal waiver, operating in conjunction with a failure to move to withdraw the plea or vacate the judgment of conviction, our review is precluded (*see People v Simmons*, 24 AD3d 1018, 1019 [2005]; *People v Briggs*, 21 AD3d 652, 653 [2005], *lv denied* 5 NY3d 881 [2005]; *People v Stubblefield*, 18 AD3d 955, 955 [2005], *lv denied* 5 NY3d 795 [2005]). Moreover, if we consider defendant's assertions, we would find them without merit. County Court's questioning during the final plea allocution served to establish each element of the crime; none of defendant's statements negated any essential element or cast doubt upon his guilt. For these reasons, the narrow exception to the preservation rule would not be applicable (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Bethea*, 19 AD3d 813, 814 [2005]; *People v MacCue*, 8 AD3d 910, 911 [2004], *lv denied* 3 NY3d 708 [2004]).

As to the voluntariness of his plea, defendant also contends that the trial judge was biased since such judge recently presided over a Family Court matter where defendant was a party. However, he failed to make a motion for the judge's recusal or otherwise raise the issue before County Court. Even though the claim is unpreserved for our review (*see People v Rizzo*, 5 AD3d 924, 925 [2004], *lv denied* 3 NY3d 646 [2004]; *People v Lebron*, 305 AD2d 799, 800 [2003], *lv denied* 100 NY2d 583 [2003]; *People v Maxam*, 301 AD2d 791, 793 [2003], *lv denied* 99 NY2d 617 [2003]), we note that "[a]bsent a legal disqualification under Judiciary Law § 14, a [t]rial [j]udge is the sole arbiter of recusal . . . [and a] court's decision in this respect may not be

overturned unless it was an abuse of discretion" (*People v Moreno*, 70 NY2d 403, 405-406 [1987]; *see People v Smith*, 272 AD2d 679, 681 [2000], *lv denied* 95 NY2d 938 [2000]). As the record reveals no abuse of discretion and further indicates that defendant fully discussed the plea agreement with his attorney before accepting it, the claim is meritless.

To the extent that defendant's ineffective assistance of counsel claim impacted his voluntary, intelligent, and knowing decision to accept the plea, it survives his waiver of appeal. Yet, without a motion to withdraw the plea or vacate the judgment, it is unpreserved; nothing in the record warrants an exception to the preservation doctrine (*see People v Clifford*, 295 AD2d 697, 698 [2002], *lv denied* 98 NY2d 709 [2002]). Were we to reach the issue in the interest of justice, we would find no merit (*see People v Russo*, 8 AD3d 903, 904 [2004], *lv denied* 3 NY3d 681 [2004]). "So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (*People v Baldi*, 54 NY2d 137, 147 [1981]; *see People v Henry*, 95 NY2d 563, 565 [2000]; *People v Benevento*, 91 NY2d 708, 712 [1998]), a defendant's constitutional right to the effective assistance of counsel will have been met. Contrary to defendant's assertion, his initial arraignment fully complied with CPL 210.15 (2); he was made aware of all of his pertinent rights, a plea of not guilty was entered on his behalf and the matter was adjourned for him to obtain counsel. Moreover, the record reflects that defendant discussed an agency defense with his counsel prior to the plea and the plea that counsel ultimately negotiated exposed defendant to a sentence which was substantially reduced from its maximum potential (*see People v Ford*, 86 NY2d 397, 404 [1995]; *People v Wright*, 295 AD2d 806, 807 [2002]). Accordingly, with the claim of ineffective assistance of counsel requiring proof of less then meaningful representation, a mere disagreement with the strategy and tactics employed by counsel will not suffice (*see People v Rivera*, 71 NY2d 705, 708 [1988]).

Finally, we find no abuse of discretion or any extraordinary circumstances that would warrant our modification of the sentence in the interest of justice (*see People v Dedmon*, 10 AD3d 738, 739 [2004], *lv denied* 3 NY3d 756 [2004]; *People v Dolphy*, 257 AD2d 681, 685 [1999], *lv denied* 93 NY2d 872 [1999]).

Mercure, J.P., Crew III, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed.