■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSICA A. MAINELLO, Appellant. [815 NYS2d 326]—

Peters, J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered February 28, 2005, convicting defendant upon her plea of guilty of the crime of promoting prison contraband in the first degree.

Following a traffic stop at Bare Hill Correctional Facility in

Franklin County, defendant and her mother were arrested and charged with criminal possession of a controlled substance in the third degree, promoting prison contraband in the first degree and conspiracy in the fourth degree. Pursuant to a negotiated plea agreement, defendant pleaded guilty to promoting prison contraband in the first degree in full satisfaction of the pending charges and waived her right to appeal. In accordance with that plea agreement, defendant was sentenced to a prison term of 2 to 6 years. She now appeals, challenging the sufficiency of her plea allocution and the effectiveness of her counsel.

Defendant contends that because the contraband was never introduced into the facility as required by statute, her plea allocution was insufficient. However, where, as here, defendant knowingly waived her right to appeal and failed to move to withdraw the plea or vacate the judgment, our review is precluded (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Simmons*, 24 AD3d 1018, 1018 [2005]; *People v Briggs*, 21 AD3d 652, 653 [2005], *lv denied* 5 NY3d 881 [2005]; *People v Stubblefield*, 18 AD3d 955, 955 [2005], *lv denied* 5 NY3d 795 [2005]). No exception to the preservation rule is presented here because, during the plea allocution, defendant did not negate an essential element of the crime charged or cast significant doubt as to her guilt (*see People v Bethea*, 19 AD3d 813, 814 [2005]; *People v MacCue*, 8 AD3d 910, 911 [2004], *lv denied* 3 NY3d 708 [2004]).

No different result would have occurred had we reached defendant's contentions. Although she was charged with, among other things, criminal possession of a controlled substance in the third degree, a class B felony, she pleaded guilty, in accordance with the plea agreement, to promoting prison contraband in the first degree, a class D felony; this plea was in satisfaction of all of the crimes charged which carried greater penalties. With it settled that the offense admitted need not be a lesser included offense of a charged crime (*see People v Martinez*, 81 NY2d 810, 812 [1993]) and may even be a nonexistent crime (*see People v Keizer*, 100 NY2d 114, 118 n 2 [2003]; *People v Francis*, 38 NY2d 150, 155 [1975]; *People v Guishard*, 15 AD3d 731, 732 [2005], *lv denied* 5 NY3d 789 [2005]), we find no error since "a factual basis for the particular crime confessed was unnecessary" (*People v Fehr*, 170 AD2d 890, 890 [1991], *lvs denied* 78 NY2d 954, 965 [1991]; *see People v Steed*, 17 AD3d 928, 929 [2005], *lv denied* 5 NY3d 770 [2005]).

Nor do we find ineffective assistance of counsel due to the potential conflict of interest created when defendant's counsel jointly represented both her and her mother as codefendants.

While joint representation may create a conflict, exacerbating the possibility of depriving a defendant of his or her right to effective counsel, it is not, per se, forbidden (*see People v Gomberg*, 38 NY2d 307, 312 [1975]). A court need only ascertain, on the record, whether each defendant is aware of the potential conflict and whether each chooses to knowingly proceed (*see id.* at 313-314). If there is a failure to make such an inquiry, "vacatur of the plea will only result where the defendant demonstrates that a significant possibility of a conflict of interest existed bearing a substantial relationship to the conduct of the defense" (*People v Recupero*, 73 NY2d 877, 879 [1988]). This "significant possibility of a conflict" (*id.* at 879) must be greater than a potential conflict; it "must do more than exist, it must have 'operated' " (*id.* at 879, quoting *People v Alicea*, 61 NY2d 23, 30 n [1983]).

County Court secured defendant's consent to proceed with joint representation, but failed to inquire whether that decision was made knowingly. Nonetheless, because defendant and her mother received the same favorable plea, vacatur is not required. County Court's imposition of a harsher sentence upon defendant was clearly justified, considering her prior criminal history and the fact that she seemingly bore more responsibility for the crime. Counsel's decision not to use the mother-daughter relationship as a mitigating circumstance for defendant did not rise to a constitutional infraction, particularly in light of defendant's habit of blaming others for her mistakes. The record is devoid of evidence that the asserted conflict "operated" to defendant's detriment and "[bore] a substantial relation-[ship] to 'the conduct of [her] defense' " (*People v McDonald*, 68 NY2d 1, 9 [1986], quoting *People v Lombardo*, 61 NY2d 97, 103 [1984]).

Cardona, P.J., Crew III, Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed.