■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN G. BIGWARFE, Appellant. [825 NYS2d 813]—Cardona, P.J. Appeal from a judgment of the County Court of Schuyler County (Argetsinger, J.), rendered November 19, 2004, convicting defendant upon his plea of guilty of the crime of grand larceny in the fourth degree.

Defendant pleaded guilty to grand larceny in the fourth degree and, pursuant to an order adjourning sentencing, was

admitted to Schulyer County Drug Treatment Court (hereinafter DTC) and released on his own recognizance. He signed the DTC contract which provided that he would receive a three-year conditional discharge if he successfully completed the program, but could face a prison term of 2 to 4 years if he did not. Subsequently, the People notified defendant that they sought to terminate him from the program. Following a hearing, County Court terminated defendant from DTC and sentenced him, as a second felony offender, to 1½ to 3 years in prison.

Defendant first contends that County Court's participation as a member of the DTC team caused him to be biased against defendant at the termination hearing. However, defendant failed to "make a motion or otherwise request County Court to recuse itself from the case" (*People v Rizzo*, 5 AD3d 924, 925 [2004], *lv denied* 3 NY3d 646 [2004]). Consequently, defendant's claim of bias is not preserved for appellate review (*see* CPL 470.05 [2]; *People v Prado*, 4 NY3d 725, 726 [2004]; *People v Mabry*, 27 AD3d 835, 836 [2006]; *People v Rizzo, supra* at 925; *People v Maxam*, 301 AD2d 791, 793 [2003], *lv denied* 99 NY2d 617 [2003]).

Defendant next argues that he was denied the effective assistance of counsel at the termination hearing because his attorney's participation in the DTC team created a conflict of interest that was detrimental to the defense. This issue is also unpreserved since defendant did not move to either withdraw his guilty plea or vacate the judgment of conviction (*see People v McEnteggart*, 26 AD3d 643, 643 [2006], *lv denied* 7 NY3d 759 [2006]; *People v Bennett*, 24 AD3d 975, 975 [2005], *lv denied* 6 NY3d 831 [2006]; *People v Coles*, 13 AD3d 665, 666 [2004]).

Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.