■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
DAVID W. STEPHENSON, Appellant. [845 NYS2d 519]—

Lahtinen, J. Appeal from a judgment of the County Court of
Albany County (Herrick, J.), rendered June 26, 2006, convicting
defendant upon his plea of guilty of the crime of criminal sale of
a controlled substance in the third degree.

In satisfaction of a four-count indictment, defendant pleaded
guilty to criminal sale of a controlled substance in the third
degree, a reduced charge under count 4 of the indictment. As
part of the plea agreement, defendant waived his right to ap-

---

peal. Soon thereafter, defendant wrote letters to County Court claiming that his attorney pressured him into accepting the plea as, otherwise, he would "receive the wrath of the judge" who would ensure indictments in other jurisdictions. As a result, a hearing was held at which defendant stated that he was not seeking to withdraw the plea and there would be no more letters. However, defendant subsequently moved, pro se, to withdraw his plea, making the same accusations about defense counsel. County Court denied the motion and defendant was sentenced to a prison term of six years, with two years of postrelease supervision.

Defendant initially contends that, as a result of coercive tactics by his defense counsel, he received ineffective assistance and his plea was not voluntary and, as such, his motion to withdraw his plea should have been granted. We disagree. The record evidence reveals that, before accepting defendant's plea, County Court thoroughly explained all of the ramifications of pleading guilty, including the rights defendant would be forfeiting, and defendant unequivocally affirmed that he was pleading guilty of his own free will, he had not been pressured by anyone into doing so and he was satisfied with his counsel's representation. Defendant reiterated these affirmations at the subsequent hearing, where County Court assured defendant, as it did at the plea proceeding, that it had no authority to influence other jurisdictions to also indict defendant. Further, the negotiated plea to one class B felony, a reduction of count 4 of the indictment, which was a class A-II felony, considerably reduced defendant's sentencing exposure, as defendant admitted. Based on the foregoing, we find that defendant's plea was voluntary, he did not receive ineffective assistance and, therefore, his motion to withdraw his plea, a matter addressed to the sound discretion of the trial court, was properly denied without a hearing (*see People v Branton*, 35 AD3d 1035, 1036 [2006], *lv denied* 8 NY3d 982 [2007]; *People v Hunt*, 29 AD3d 1081, 1082 [2006], *lv denied* 7 NY3d 813 [2006]; *People v Sayles*, 17 AD3d 924, 924-925 [2005], *lv denied* 5 NY3d 794 [2005]).

Defendant also contends that County Court committed reversible error in failing to recuse itself as a result of what defense counsel allegedly told him about County Court promising to ensure indictments in other jurisdictions unless he pleaded guilty. As no statutory ground exists for the disqualification of County Court (*see* Judiciary Law § 14), defendant's failure to move for the court's recusal renders the claim unpreserved for our review (*see People v Bigwarfe*, 35 AD3d 904, 905 [2006], *lv denied* 8 NY3d 878 [2007]; *People v Mabry*, 27 AD3d

835, 836 [2006]). Furthermore, such claim is waived as a result of defendant's knowing and voluntary waiver of the right to appeal and guilty plea (see *People v Anderson*, 304 AD2d 975, 976 [2003], *lv denied* 100 NY2d 578 [2003]; *People v Palermo*, 301 AD2d 957, 957 [2003], *lv denied* 99 NY2d 657 [2003]).

Mercure, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.