People v Patterson (2019 NY Slip Op 07953)





People v Patterson


2019 NY Slip Op 07953


Decided on November 07, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 07, 2019

109010

[*1]The People of the State of New York, Respondent,
v
Larry Patterson, Appellant.

Calendar Date: October 17, 2019

Before: Garry, P.J., Clark, Mulvey, Aarons and Pritzker, JJ.


Norbert A. Higgins, Binghamton, for appellant.
Stephen K. Cornwell Jr., District Attorney, Binghamton (Stephen D. Ferri of counsel), for respondent.



Mulvey, J.
Appeal from a judgment of the County Court of Broome County (Dooley, J.), rendered August 10, 2016, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
Defendant was charged in a multicount indictment with various crimes, the most serious being attempted murder in the second degree. During a preplea appearance, County Court noted on the record that, during an off-the-record conference, defense counsel disclosed that he had a conflict in the case and that, if the matter was not resolved by a guilty plea, he would be unable to represent defendant at a trial. Defense counsel stated that he discussed the conflict with defendant and defendant had revealed his desire to continue with defense counsel's representation, and would be willing to waive any conflict. Defendant subsequently pleaded guilty to criminal possession of a weapon in the second degree in full satisfaction of the indictment. County Court sentenced him to 10 years in prison followed by five years of postrelease supervision. Defendant appeals.
Defendant contends that his counsel was ineffective due to a conflict of interest and that County Court did not make an adequate inquiry regarding such conflict prior to accepting his guilty plea. These claims, however, are unpreserved for our review as the record does not disclose that defendant made an appropriate postallocution motion to withdraw his guilty plea (see People v Marshall, 173 AD3d 1257, 1259 [2019]; People v Pettigrew, 161 AD3d 1306, 1307 [2018], lv denied 32 NY3d 940 [2018]; compare People v Rudolph, 170 AD3d 1258, 1259 [2019], lv denied 34 NY3d 937 [2019]). Even if we were to consider them, the record is lacking in detail as to whether an actual or potential conflict existed that triggered the court's duty to make a further inquiry (see generally People v Gomberg, 38 NY3d 307, 314 [1975]). "An actual conflict exists if an attorney simultaneously represents clients whose interests are opposed and, in such situations, reversal is required if the defendant does not waive the actual conflict" (People v Palmer, 173 AD3d 1560, 1561 [2019] [citations omitted]; see People v Wright, 27 NY3d 516, 520-521 [2016]). "In contrast, a potential conflict that is not waived by the accused requires reversal only if it operates on or affects the defense" (People v Palmer, 173 AD3d at 1561 [citations omitted]; see People v Rudolph, 170 AD3d at 1263; People v Mainello, 29 AD3d 1175, 1177 [2006]). The record here does not indicate that defense counsel simultaneously represented defendant and another client with an opposing interest or that his representation created a potential conflict that affected the defense. To the extent there may be evidence outside the record that supports defendant's claims, they are more properly the subject of a CPL article 440 motion.
Garry, P.J., Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.