People v Higgins (2022 NY Slip Op 06964)

People v Higgins

2022 NY Slip Op 06964

Decided on December 8, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 8, 2022

113092
[*1]The People of the State of New York, Respondent,
v
Sean N. Higgins, Appellant.

Calendar Date:November 10, 2022

Before:Egan Jr., J.P., Clark, Ceresia, Fisher and McShan, JJ.

Todd G. Monahan, Schenectady, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A. Douthat of counsel), for respondent.

Appeal from a judgment of the County Court of Clinton County (Keith M. Bruno, J.), rendered August 3, 2021, which revoked defendant's probation and imposed a term of imprisonment.
In 2016, defendant was convicted of criminal possession of precursors of methamphetamine and was sentenced to five years of probation. A subsequent violation of probation petition was resolved, in part, by defendant participating in mental health court and continuing under probation supervision. Thereafter, in 2021, a second violation of probation petition was filed. Defendant ultimately admitted to violating the terms of his probation supervision. County Court then revoked defendant's probation and resentenced him to a prison term of 1½ years to be followed by one year of postrelease supervision. Defendant appeals.
Defendant contends that the County Court judge should have recused himself from presiding over this matter given the potential conflict of interest created by him presiding over certain aspects of defendant's participation and termination in mental health court. Defendant's contention is unpreserved for our review absent an appropriate motion or request for recusal (see People v Prado, 4 NY3d 725, 726 [2004]; People v Rizzo, 5 AD3d 924, 925 [3d Dept 2004], lv denied 3 NY3d 646 [2004]). In any event, were we to consider the issue, we would find it to be without merit as the record does not reflect either a legal disqualification (see Judiciary Law § 14) or any abuse of discretion in the judge otherwise not recusing himself (see People v Moreno, 70 NY2d 403, 405-406 [1987]; People v Derrig, 175 AD3d 1675, 1676 [3d Dept 2019], lv denied 34 NY3d 1127 [2020]; People v Swartz, 160 AD3d 1296, 1296-1297 [3d Dept 2018]).
Egan Jr., J.P., Clark, Ceresia, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed.