People v Diaby (2025 NY Slip Op 07343)

People v Diaby

2025 NY Slip Op 07343

Decided on December 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 30, 2025

Before: Moulton, J.P., Scarpulla, Rosado, O'Neill Levy, Chan, JJ. 

Ind No. 2047/21|Appeal No. 5466|Case No. 2023-01046|

[*1]The People of the State of New York, Respondent,
vSouleymane Diaby, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (William B. Carney of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Alex King of counsel), for respondent.

Appeal from judgment, Supreme Court, New York County (James Burke, J., at motion; Neil Ross, J., at plea and sentencing), rendered November 28, 2022, convicting defendant, of attempted criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to a term of five years, held in abeyance, and the matter remitted for a Mapp/Dunaway hearing.
Defendant was charged with criminal possession of a weapon in the second degree based on allegations that, in the early hours of August 21, 2021, he discarded a ghost handgun while fleeing police officers. The officers contended that they had observed defendant crossing to the side of the street opposite from the officers' marked radio patrol car while holding his waistband in what they contended was a suspicious manner.
As part of an omnibus motion, defendant sought suppression of the gun, or, in the alternative, a Mapp/Dunaway hearing. Defendant contended that he dropped the gun as a spontaneous response to unlawful police conduct, i.e. the officers' decision to approach and then chase him without reasonable suspicion. The affirmation in support of the motion described defendant's relevant conduct as follows:
"[Defendant] was crossing the street. [Defendant] had engaged in no observable unlawful behavior at that time and in the period preceding the unlawful police conduct. Nothing illegal or suspicious was in open view prior to the police intrusion. The property came to view solely through illegal police conduct. Because the officer lacked the requisite level of suspicion, the police actions were unconstitutional."
Defendant also denied that he grabbed his waistband or moved his hand toward his waistband.
In its decision on the omnibus motion the court summarily denied defendant's request for a Mapp/Dunaway hearing, ruling as follows:
"Defendant has failed to allege that any property was taken from defendant's person or from any place in which defendant had a legitimate expectation of privacy" (see People v Ramirez Portoreal, 88 NY2d 99 [1996]; People v Wesley, 73 NY2d 351 [1988]; People v Rodriguez, 69 NY2d 159 [1987]). Accordingly, the defendant's motion is denied with leave to renew upon a showing of sufficient factual allegations."
Subsequent to this ruling the People provided further disclosure, including additional body-worn camera footage, surveillance footage, and DNA evidence. Defendant did not renew his suppression motion.
On November 7, 2022, defendant pleaded guilty to attempted criminal possession of a weapon in the second degree in exchange for a promised prison term of five years. Defendant agreed to an appeal waiver, but the colloquy with Supreme Court on the waiver of his trial and appeal rights was muddled, and stated, incorrectly, that defendant was giving up his right to contest the legality of his search and seizure on appeal because he had pleaded guilty. The People do not dispute defendant's claim that his appeal waiver was invalid. The People also do not contest that defendant was entitled to a hearing on his motion to suppress the gun. We agree with defendant on both points. The court's list of issues automatically waived by a guilty plea incorrectly included "the right to contest any search or seizure" (see CPL 710.70[2]; People v Thomas, 34 NY3d 545, 560 [2019], cert denied 589 US —, 140 S Ct 2634 [2020]). Defendant's detailed account of his conduct and that of the police plainly gave rise to a factual issue warranting a hearing (see People v Esperanza, 203 AD3d 124, 128 [1st Dept 2022]).
The issue in contention on this appeal is whether the court's summary denial of defendant's suppression motion — which ended with the statement that the motion "is denied, with leave to renew upon a showing of sufficient factual allegations" — qualifies as an "order finally denying a motion to suppress evidence" which would preserve the suppression issue for appeal under CPL 710.70(2). While phrases like "leave to renew" or "leave to submit" may be some indicia of a lack of finality under CPL 710.70(2), they do not, standing alone, render a court's ruling nonfinal.
While the People cite several cases where defendants were held to have abandoned any renewal of their suppression argument by pleading guilty, in each of those cases the court referred to specific submissions contemplated by defendant in further support of his suppression motion. For example, in People v Farrell (37 AD3d 349 [1st Dept 2007], lv denied 8 NY3d 984 [2007]) the defendant "offered to provide" a "supplementary affidavit" but pleaded guilty before doing so (see Farrell, 37 AD3d at 350). Similarly, in People v Rizzo (5 AD3d 924 [3rd Dept 2004], lv denied 3 NY3d 646 [2004]), after ruling that the defendant's statement was admissible, the court later "heard further arguments on the issue and agreed to reconsider it, directing the attorneys to provide further submissions the following week." As in Farrell, the defendant pleaded guilty before filing any additional submission (see Rizzo, 5 AD3d at 925). In People v Moshier (110 AD3d 832 [2d Dept 2013], lv denied 22 NY3d 1042 [2013]) the defendant's initial motion to suppress, unlike defendant's motion herein, lacked merit, and defendant in Moshier obtained new information, a redacted copy of the affidavit underlying the challenged warrant, which would have supported additional arguments had defendant not pleaded guilty.
In this case, as we found in People v McUllin (152 AD3d 461 [1st Dept 2017]), the court incorrectly rejected the defendant's detailed recitation of his suppression theory and there was no further evidence produced by the People that could bolster defendant's theory on renewal.
Accordingly, we remit to Supreme Court to hold a Mapp/Dunaway hearing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 30, 2025