(December 10, 1998)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OTTO MARES, Appellant. [682 NYS2d 692] —White, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered July 31, 1996, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree.

Pursuant to a plea bargain agreement, defendant pleaded guilty to the crime of criminal possession of a controlled substance in the second degree in full satisfaction of a four-count indictment that included a charge of criminal possession of a controlled substance in the first degree. In exchange, he was sentenced to a prison term of $8^1/_3$ years to life. As part of the agreement, defendant entered his plea prior to filing pretrial motions. On this appeal, defendant contends that his inability to file pretrial motions deprived him of the right to seek judicial inspection of the Grand Jury minutes, a process which might have revealed that there was an insufficient quantity of drugs in his possession at the time of his arrest to substantiate the most serious charge in the indictment, i.e., that of criminal possession of a controlled substance in the first degree. Had this proven to be the case, defendant argues, he would not have been induced to plead guilty to criminal possession of a controlled substance in the second degree.

This contention lacks merit. A defendant who accepts a plea bargain surrenders the right to challenge the factual basis for the plea and, in addition, is precluded from thereafter challenging the merits of charges that were dismissed in the course of plea bargain negotiations (*see, People v Morelli*, 228 AD2d 818, *lv denied* 88 NY2d 990; *see also, People v Pelchat*, 62 NY2d 97, 108).

We also reject the argument that defendant's sentence of $8^1/_3$ years to life was harsh and excessive. The record discloses that defendant entered a knowing, voluntary and intelligent plea and in exchange therefor three other charges against him were dismissed. Defendant's guilt of the crime of which he was convicted is uncontested. We conclude that the sentence imposed by County Court cannot be characterized as an abuse of discretion, nor are there any extraordinary circumstances present that would lead us to disturb it (*see, People v Thompson*, 233 AD2d 615; *People v Smith*, 210 AD2d 533, *lv denied* 84 NY2d 1039).

Cardona, P. J., Mercure, Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed.