◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO JIMENEZ, Appellant. [700 NYS2d 406] —Appeal from a judgment of the County Court of Montgomery County (Sise, J.), rendered November 4, 1998, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree:

Defendant pleaded guilty to a reduced charge of criminal possession of a controlled substance in the second degree and,

pursuant to a negotiated plea agreement, waived his right to appeal. As part of the plea bargain, County Court made a commitment to sentence defendant as a second felony offender to a prison term of no longer than 10 years to life. At sentencing, County Court deemed it appropriate after reading the presentence memoranda to impose a sentence of 8 years to life in prison. Defendant now appeals, arguing that this sentence was harsh and excessive. Inasmuch as defendant waived his right to appeal as part of a knowing, voluntary and intelligent plea of guilty, this issue has not been preserved for our review (*see, People v Paulin*, 265 AD2d 737; *People v Buchanan*, 236 AD2d 741, *lv denied* 89 NY2d 1032). Moreover, were we to reach this issue, we would find no evidence of extraordinary circumstances warranting a modification of the less than maximum sentence imposed in the interest of justice (*see, People v Charles*, 258 AD2d 740, 740-741, *lv denied* 93 NY2d 968). Notably, all of the mitigating or extenuating circumstances to which defendant makes reference on appeal were before County Court and taken into consideration at the time of defendant's sentencing (*see, People v Johnstone*, 184 AD2d 929, *lv denied* 80 NY2d 905).

Cardona, P. J., Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.