■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMIE CHESTER, Appellant. [746 NYS2d 919]

Pursuant to a plea bargain agreement, defendant pleaded guilty to the crime of criminal possession of a controlled substance in the second degree, waiving his right to appeal, and was sentenced to a prison term of five years to life. The sole issue raised on this appeal is whether the sentence imposed by County Court is harsh and excessive and should, accordingly, be modified by this Court.

As defendant waived his right to appeal as part of a knowing, voluntary and intelligent guilty plea, this issue has not been preserved for our review (*see People v Jimenez*, 267 AD2d 615, 616, *lv denied* 94 NY2d 921). Were we to reach it, however, we would find no evidence that it represents an abuse of judicial discretion nor are there any extraordinary circumstances that would warrant a modification of the sentence in the interest of justice (*see People v Mares*, 256 AD2d 716, 717, *lv denied* 93 NY2d 927). The record discloses that defendant was suspected as a major drug dealer in Sullivan County, which led to his investigation and arrest by officers from the Drug Enforcement Agency. At the time of his arrest, defendant was in possession of a substantial quantity of drugs, including four pounds of marihuana and 600 tablets of the drug known as ecstasy, which he had admittedly obtained in New York City for resale upstate. Defendant argues that his previously clean criminal record warrants a reduction in sentence; however, given the gravity of the offense of which defendant stands convicted and his undisputed guilt thereof, the sentence will not be disturbed (*see People v Etheridge*, 233 AD2d 626, *lv denied* 89 NY2d 921).

Cardona, P.J., Crew III, Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.