■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAEED VAHEDI, Also Known as SAM, Appellant. [797 NYS2d 164]— Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered October 23, 2003, which resentenced defendant following his conviction of the crime of robbery in the first degree.

Defendant pleaded guilty to robbery in the first degree and was sentenced to six years in prison followed by five years of postrelease supervision. On a previous appeal, this Court reversed the judgment of conviction in the interest of justice, finding that defendant was not informed of the period of postrelease supervision, and remitted the matter to County Court to afford defendant an opportunity to withdraw his plea (305 AD2d 866 [2003]). Thereafter, defendant did not withdraw his plea and was resentenced to a prison term of 5½ years followed by five years of postrelease supervision.

We are unpersuaded by defendant's contention that his resentence was harsh and excessive and should be reduced in the interest of justice. The record demonstrates that in resentencing defendant, County Court noted the impressive statement made by defendant and considered defendant's institutional achievements while imprisoned. In addition, the court considered the violent nature of the crime, trauma to the victims, the terms of the plea agreement and defendant's crimi-

nal history motivated by drug use. While defendant has made strides toward rehabilitation while incarcerated, the record fails to establish any clear abuse of discretion by the court in imposing the sentence nor does it demonstrate any extraordinary circumstances warranting the exercise of our discretion in the interest of justice (*see People v Jones*, 11 AD3d 818 [2004]; *People v Sczepankowski*, 293 AD2d 212, 215-216 [2002], *lv denied* 99 NY2d 564 [2002]; *People v Saunders*, 277 AD2d 512 [2000], *lv denied* 96 NY2d 763 [2001]; *People v Jimenez*, 267 AD2d 615, 616 [1999], *lv denied* 94 NY2d 921 [2000]). Accordingly, the prison term imposed upon resentence of defendant will not be disturbed.

Peters, J.P., Carpinello, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.