■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS VALENCIA, Appellant. [817 NYS2d 162]—

Mercure, J.P. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered April 5, 2005, which resentenced defendant upon his conviction of the crimes of criminal sale of a controlled substance in the first degree and conspiracy in the second degree.

Following a jury verdict finding defendant guilty of the crimes of criminal sale of a controlled substance in the first degree and conspiracy in the second degree, defendant was sentenced to the authorized maximum terms of incarceration of 25 years to life and $8^{1}/_{3}$ to 25 years, respectively, said terms to run consecutively. Upon defendant's appeal, the conviction and sentence were affirmed by this Court (263 AD2d 874 [1999], *lv denied* 94 NY2d 799 [1999]). Pursuant to the provisions of the Rockefeller Drug Law Reform Act of 2004 (L 2004, ch 738), defendant came before County Court in 2005 for resentencing on the crime of criminal sale of a controlled substance in the first degree. Authorized to impose a determinate sentence of at least eight years, and not exceeding 20 years (*see* Penal Law § 70.71 [2] [b] [i]), County Court resentenced defendant on that crime to a determinate term of 10 years (with five years of postrelease supervision), to run consecutively to the sentence previously imposed on the conspiracy conviction. Defendant appeals from the resentencing, contending that his sentence is excessive.

On defendant's appeal from the original judgment of conviction, we found that the aggregate sentence of 33⅓ years to life imprisonment was severe, but not excessive in the circumstances of this case (263 AD2d 874, 877 [1999], *supra*). We discern no reason to rule that the substantially reduced aggregate sentence of 18⅓ to 25 years after the resentencing is excessive. Although County Court imposed the maximum sentence at the initial sentencing, the term of 10 years to which defendant was resentenced upon the criminal sale count is close to the minimum authorized sentence, reflecting County Court's consideration of defendant's favorable record while incarcerated. Nor are we persuaded that County Court abused its discretion in declining to alter defendant's sentences to run concurrently because the same sentences imposed upon his codefendant were imposed concurrently, inasmuch as defendant bore a higher level of culpability for the crimes of which the two were convicted (*id.* at 876; *see People v Grajales,* 294 AD2d 657, 659 [2002], *lv denied* 98 NY2d 697 [2002]; *see also People v Provost,* 25 AD3d 1016, 1017 [2006], *lv denied* 6 NY3d 817 [2006]; *People v Purcell,* 8 AD3d 821, 822 [2004]).

Crew III, Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.