■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY A. SAWYER, Appellant. [828 NYS2d 718]—Mercure, J.P. Appeal from an order of the County Court of Delaware County (Becker, J.), entered April 13, 2006, which issued a proposed resentence of defendant following his conviction of the crime of criminal possession of a controlled substance in the second degree.

In August 2004, defendant was sentenced upon his conviction of criminal possession of a controlled substance in the second degree, a class A-II felony, to a term of imprisonment of five years to life. That sentence was ordered to run consecutively to a prison term that he was already serving in connection with a previous felony drug conviction. Defendant subsequently applied to be resentenced pursuant to the 2005 Drug Law Reform Act (L 2005, ch 643). County Court issued an order proposing to grant his application and resentence him to five years in prison, with said resentence to run, again, consecutively to the prior drug conviction prison term. Defendant now appeals, asserting that the proposed resentence is harsh and excessive. We disagree and affirm.

The record reveals that, in resentencing defendant, County Court considered the seriousness of the underlying crime and defendant's criminal history. The court also acknowledged defendant's progress and behavior while in prison. Under these circumstances, we discern no abuse of discretion on the part of County Court, nor do we find any extraordinary circumstances warranting a modification of the proposed resentence in the interest of justice (*see People v Valencia,* 30 AD3d 636, 637 [2006], *lv denied* 7 NY3d 870 [2006]; *People v Vahedi,* 19 AD3d 810, 810-811 [2005]).

Crew III, Spain, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed.