■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHANNES GONZALEZ, Appellant. [844 NYS2d 899]—Appeal by the

defendant from an order of the County Court, Westchester County (Zambelli, J.), dated June 12, 2006, which, after a hearing, inter alia, specified and informed the defendant that the court would impose a determinate sentence of imprisonment of 15 years in the event of a resentence pursuant to the Drug Law Reform Act of 2005 (L 2005, ch 643). Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves to be relieved of the assignment to prosecute the appeal.

Ordered that the motion is granted, and Steven C. Davidson is relieved as the attorney for the defendant and is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that John R. Lewis, 36 Hemlock Drive, Sleepy Hollow, N.Y., 10591, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the People are directed to furnish a copy of the stenographic minutes to the new assigned counsel; and it is further,

Ordered that the new counsel shall serve and file a brief on behalf of the defendant within 90 days of the date of this decision and order and the People shall serve and file their brief within 120 days of the date of this decision and order; by prior decision and order on motion of this Court, the defendant was granted leave to prosecute the appeal on the original papers (including the typewritten stenographic minutes) and the typewritten briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Upon this Court's independent review of the record, we conclude that potentially nonfrivolous issues exist with respect to whether the term of the proposed sentence that the court would impose upon resentencing is excessive (*see* L 2005, ch 643, § 1; *see generally People v Sawyer,* 37 AD3d 858, 859 [2007]). Accordingly, assignment of new counsel is warranted (*see People v Stokes,* 95 NY2d 633 [2001]; *People v Casiano,* 67 NY2d 906 [1986]; *People v Gonzalez,* 47 NY2d 606 [1979]). Ritter, J.P., Goldstein, Skelos and Dillon, JJ., concur.