■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR FEBOS, Also Known as JACINTO FABOS, JR., JACINTO FEBO and JOHN J. FABISH, Appellant.—Main, J. Appeal from a judgment of the Supreme Court at Trial Term (Ellison, J.), rendered July 2, 1985 in Tompkins County, upon a verdict convicting defendant of the crime of assault in the second degree.

After a jury trial, defendant was convicted of assault in the second degree, a class D violent felony (see, Penal Law § 70.02 [1] [c]). Based on his previous conviction of criminal possession of stolen property in the second degree, a class E felony (see, Penal Law § 165.45), defendant was to be sentenced as a second felony offender (see, Penal Law § 70.06). At sentencing, both the District Attorney and defendant's counsel incorrectly stated that the shortest prison term that defendant could receive under the circumstances was 2½ to 5 years. In actuality, this term would have been appropriate if defendant were being sentenced as a second *violent* felony offender (see, Penal Law § 70.04 [3] [c]; [4]). Since he was, however, being sentenced as a second felony offender, the shortest prison term possible was 2 to 4 years, while the longest was 3½ to 7 (see, Penal Law § 70.06 [3] [d]; [4] [b]). Defendant was ultimately sentenced to 3 to 6 years' imprisonment.

On appeal, defendant's sole argument is that his case should be remitted to the trial court for resentencing because of the misstatements regarding allowable prison terms made at the time of resentencing. We note that defendant did not bring this matter to the trial court's attention at the time of sentencing or by way of a motion for resentence. Thus, he failed to preserve the issue for appellate review (see, *People v Lemon,* 62 NY2d 745, 746; *People v Lee,* 109 AD2d 894).

Moreover, were we to review this issue in the interest of justice, we would find defendant's argument to be without merit since there is absolutely no evidence that the trial court misapprehended the permissible range of sentences. Any misunderstanding regarding sentencing appears to have been shared only by the attorneys representing defendant and the People. Indeed, the court itself specifically stated that it was sentencing defendant as a second felony offender rather than a second violent felony offender and proceeded to impose a sentence that was, in fact, well within the statutory guidelines set for the sentencing of a second felony offender convicted of a class D violent felony.

Judgment affirmed. Mahoney, P. J., Main, Casey, Weiss and Yesawich, Jr., JJ., concur.