■ GEORGE I. GORDON, Appellant, v ERICA L. GORDON, Respondent. [614 NYS2d 904] —Order and judgment (one paper), Supreme Court, New York County (David Saxe, J.), entered on or about September 7, 1993, which, after a non-jury trial, granted the parties a divorce, awarded defendant maintenance in the amount of $2,000 per month, and distributed the marital property, with related relief, unanimously affirmed, without costs.

The bulk of the marital assets was divided almost evenly by the IAS Court. Because defendant's behavior had a detrimental effect on plaintiff's legal practice, and because she tried to cause him physical harm, the plaintiff was awarded the entirety of his interest in the law firm in which he had been a partner, although the wife's interest in the entire marital estate was 45%, including the husband's interest in the law firm, as the IAS Court intended. Plaintiff's argument that he is entitled to a greater share of the marital assets is without merit, and we therefore decline to disturb the IAS Court's exercise of discretion (see, Pologe v Goler, 194 AD2d 445, 446).

We have considered the plaintiff's remaining arguments, and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Ross, Williams and Tom, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLORIA VERNON, Appellant. [614 NYS2d 904] —Judgment, Supreme Court, New York County (Thomas B. Galligan, J., at Mapp hearing; Martin H. Rettinger, J., at plea and sentence), rendered February 5, 1991, convicting defendant, upon her plea of guilty, of criminal possession of a controlled substance in the second degree, and sentencing her to a term of 3 years to life, unanimously affirmed.

After consulting with her counsel, defendant accepted a plea offer and received the agreed upon sentence. As part of the plea agreement, defendant waived her right to appeal the denial of her motion to suppress 12½ ounces of cocaine. The plea court extensively discussed with defendant the consequences of the waiver including the fact that on appeal the denial of the suppression motion possibly could be reversed. Since we find that defendant voluntarily, knowingly and intelligently waived her right to appeal the suppression motion, there are no reviewable issues presented here, and, accordingly, we affirm (People v Callahan, 80 NY2d 273, 285). Concur—Sullivan, J. P., Rosenberger, Ross, Williams and Tom, JJ.