■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WARRICK SMITH, Appellant. [620 NYS2d 510] —Mercure, J. Appeal from a judgment of the County Court of Sullivan County (Siragusa, J.), rendered June 22, 1993, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree.

Defendant was indicted for criminal possession of a controlled substance in the first degree, criminally using drug

paraphernalia in the second degree, resisting arrest and unlawful possession of marihuana as the result of a February 13, 1992 incident. On that day, defendant and Levance Dixon were passengers in a vehicle driven by Roy Drake that was stopped by the State Police for an equipment violation. An ensuing search of the vehicle disclosed a quantity of cocaine, giving rise to a claim of constructive possession of the contraband by all three occupants. Further charges against defendant were based upon his effort to flee when advised that he was under arrest and his possession of marihuana on his person.

Following extensive pretrial motion practice and an unsuccessful effort at suppression of physical evidence and an oral statement defendant made to the police, the matter proceeded to trial. During the course of jury selection, a plea bargain was reached whereby defendant was permitted to dispose of the indictment against him with a plea of guilty to a reduced count of criminal possession of a controlled substance in the second degree and a waiver of his right to appeal, upon the express understanding that he was to be sentenced to a prison term of eight years to life. Defendant's subsequent motion to withdraw his guilty plea was denied, he was sentenced in accordance with the plea bargain and he now appeals.

We affirm. Initially, we reject the contention that defendant's guilty plea was not knowingly, voluntarily and intelligently entered. The fact that the plea bargains offered to defendant and Dixon were conditioned upon both defendants' acceptance of their respective offers did not render defendant's plea, which he claims was entered only to protect Dixon from the risk of trial, involuntary or coerced. It has been repeatedly held that the People have the right to condition a defendant's plea to a reduced charge upon a codefendant's acceptance of a connected offer to him or her and that the agreement will be enforced if knowingly, intelligently and voluntarily made (see, People v Fiumefreddo, 82 NY2d 536; People v Betancur, 203 AD2d 714, lv denied 83 NY2d 964; People v Antonio, 176 AD2d 528, lv denied 79 NY2d 824; People v Cornielle, 176 AD2d 190, lv denied 79 NY2d 855).

Here, although defendant complained that he felt he was being "coerced" into pleading guilty because of his concern for Dixon, he did not enter his guilty plea until after County Court repeatedly, thoroughly and correctly explained that it was well within the People's prerogative to make the connected offer and that defendant should not plead guilty if he was innocent or felt he was being coerced. We similarly reject

the contention that County Court misadvised defendant on the law by instructing him that he was guilty of possession of the cocaine if he was aware of its existence in the vehicle. To the contrary, implicitly acknowledging the rebuttable character of the automobile presumption (Penal Law § 220.25 [1]), County Court merely advised defendant that he should not plead guilty if he was unaware that there was cocaine in the vehicle.

In view of defendant's waiver of appeal, knowingly, voluntarily and intelligently made as a condition of the plea bargain (see, People v Seaberg, 74 NY2d 1, 11) and which must be enforced against him (see, People v Moissett, 76 NY2d 909; People v Sanchez, 201 AD2d 805, lv denied 83 NY2d 1007), we shall not consider the contentions addressed to County Court's denial of defendant's suppression motions (see, People v Seaberg, supra, at 7; People v Vernon, 205 AD2d 446). Further, defendant's claims that his plea should not have been accepted because he was not advised that his knowledge of the weight of the drug was an element of the offense (see, People v Ryan, 82 NY2d 497) and that he was denied his constitutional right to a speedy trial (CPL 30.20) were not preserved for appellate review by appropriate challenge in County Court (see, People v Lopez, 71 NY2d 662, 665; People v Claudio, 64 NY2d 858; People v Ferguson, 192 AD2d 800, lv denied 82 NY2d 717). We note that, although defendant moved in County Court to withdraw his guilty plea, he did not raise the current contention that County Court should not have accepted his plea in view of his lack of knowledge of the weight of the drug. Defendant's remaining assertions of error have been considered and found to lack merit.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.