■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN HAAS, Appellant. [645 NYS2d 617] —White, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered March 17, 1995, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.

Defendant was arrested September 29, 1993 and indicted March 11, 1994 on charges of driving while intoxicated as a felony and aggravated unlicensed operation of a motor vehicle in the first degree. Defendant ultimately entered into a plea bargain whereby he pleaded guilty to the crime of driving while intoxicated as a felony and waived the right to appeal. Defendant was then sentenced to 90 days' incarceration and five years' probation. In addition, County Court imposed the penalties of a one-year revocation of defendant's driver's license, a fine of $1,000 and a $155 surcharge. Defendant appeals, contending, *inter alia*, that the 5¹/₂-month delay between his arrest and his arraignment violated his due process right to a speedy trial.

It is uncontested that the waiver of an individual's right to appeal does not preclude appellate review of the contention that he was denied the constitutional right to a speedy trial (*see, People v Seaberg*, 74 NY2d 1, 9; *People v Fuller*, 57 NY2d 152, 159, n 7). The issue must, however, have been previously

raised by an appropriate challenge before County Court in order to preserve it for appellate review (*see, People v Smith*, 210 AD2d 533, *lv denied* 84 NY2d 1039). Defendant failed to raise this issue before County Court with the result that it may not be reviewed in the context of this appeal.

Defendant's contention that his sentence was illegal because it did not comport with the alleged terms of the plea bargain agreement is an issue which defendant has similarly failed to preserve for this Court's review because he did not move to vacate his plea nor did he object at the sentencing hearing (*see, People v Thompson*, 193 AD2d 841, 842; *People v Ellis*, 162 AD2d 701, *lv denied* 76 NY2d 892).

We have examined defendant's remaining contentions and find them to be without merit.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.