■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANNY WILLIAMS, Appellant. [735 NYS2d 825] —Crew III, J. Appeal from a judgment of the County Court of Tompkins County (Barrett, J.), rendered September 22, 2000, convicting defendant upon his plea of guilty of two counts of the crime of robbery in the third degree.

As the result of a plea bargain, defendant and the People executed a plea memorandum wherein it was agreed that defendant would plead guilty to two counts of robbery in the third degree in full satisfaction of a three-count indictment. The memorandum further recited that the People would recommend concurrent prison terms of 2 to 4 years and restitution as provided by the presentence report, while defendant reserved his right to a restitution hearing. Defendant entered the agreed-upon plea and waived his right to appeal. Defendant thereafter was sentenced in accordance with the plea memorandum and restitution was imposed in the amount set forth in the presentence report. Defendant voiced no objection as to the restitution imposed, nor did he request a hearing.

On this appeal, defendant contends only that the record contains insufficient evidence to support the findings required for restitution. We affirm. While it is true, as claimed by defendant, that an appellate claim that a sentence is illegal cannot

be waived (*see, People v Seaberg*, 74 NY2d 1, 9), the instant case does not involve the legality of defendant's sentence. Clearly, County Court had the legal authority to impose restitution as part of the sentence and, defendant's assertions notwithstanding, the issue being raised on appeal involves only the procedure by which the court arrived at the amount of restitution, which is not reviewable in light of defendant's waiver (*see, People v Callahan*, 80 NY2d 273, 281).

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.