■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYON WILLIAMS, Appellant. [752 NYS2d 434] —Spain, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered August 25, 2000, convicting defendant upon his

plea of guilty of the crime of criminal sale of a controlled substance in the second degree.

Pursuant to the terms of a plea agreement, defendant entered a plea of guilty to the crime of criminal sale of a controlled substance in the second degree and, as part of the agreement, was sentenced to a prison term of six years to life. Consistent with the agreement, a second criminal indictment (which had been consolidated with the first), charging him with possession of a controlled substance in the third degree and resisting arrest, was dismissed. Defendant appeals, contending that his sentence must be vacated because it resulted from a plea agreement which was made at a time when both sides and County Court were laboring under the misapprehension that defendant was already an adjudicated felon, thereby rendering him subject to the enhanced sentencing guidelines applicable to second felony offenders for whom the agreed-upon sentence of six years to life was, by statute, the minimum prison term (see Penal Law § 70.06 [4] [a]).

At the outset, it is conceded that the presentence report, prepared during the interim between the plea and sentencing hearings, does not include any information to support the conclusion that defendant had ever before been convicted of a felony, but disclosed only that he had two prior misdemeanor convictions and a youthful offender adjudication. However, at the plea allocution, defense counsel demonstrated his misapprehension of defendant's status as a second felony offender by stating that under the terms of the plea agreement, defendant would be sentenced to a prison term of six years to life, which he characterized as representing "the minimum [permissible sentence for] * *. * a second felony offender." County Court appears to have been similarly misinformed, in that it explained to defendant that by pleading guilty to the crime of criminal sale of a controlled substance in the second degree, he would receive a prison sentence representing "the minimum for a two felony offender that being a minimum of six years and a maximum of your natural life."

At the sentencing hearing, no additional statements were made by the prosecution, defense counsel or County Court indicating that defendant was to be sentenced as a second felony offender. He was then sentenced to the previously agreed-upon prison term of six years to life, a sentence which was the minimum for a second felony offender, but which was also within the permissible statutory limits for a first-time felony offender such as defendant (see Penal Law § 70.00 [2] [a]; [3] [a] [ii]). Defendant did not move to withdraw his plea or

vacate his judgment of conviction, but appealed from the judgment, challenging only his sentence.

On appeal, defendant makes no argument to undermine his conviction, but he seeks a reduction in his sentence from this Court or, in the alternative, remittal to County Court for resentencing. As previously noted, the sentence was within the permissible statutory limits for a first-time felon and defendant was not erroneously adjudicated a second felony offender, having been sentenced pursuant to the plea agreement. Accordingly, the sentence was not per se illegal and, as such, defendant was required to timely register an objection to the sentence before County Court to preserve the issue for appellate review (*see People v Samms*, 95 NY2d 52, 56-57). Defendant failed to make the requisite objection.

Troubled by the universal misunderstanding apparent from the record that defendant was a second felony offender and, thus, would necessarily face a minimum possible sentence of six years—the statutory minimum for a second felony offender under Penal Law § 70.06 (4) (a)—for the crime to which he pleaded guilty, we exercise our jurisdiction as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]). In fact, pursuant to Penal Law § 70.00 (3) (a) (ii), defendant, as a first-time felon, would have faced a three-year minimum sentence upon his conviction of this class A-II felony. As we are unable to ascertain from the record whether County Court would have imposed the same sentence had it been apprised of defendant's actual status or whether, as defendant contends, the court intended to sentence defendant to the minimum permissible sentence, we remit to permit County Court to exercise its discretion for resentencing or any other action deemed appropriate (*see People v Predmore*, 142 AD2d 759, 759-760; *cf. People v Housman*, 291 AD2d 665, 666, *lv denied* 98 NY2d 638; *People v Febos*, 122 AD2d 497, 498, *lv denied* 68 NY2d 812).

Mercure, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the sentence imposed; matter remitted to the County Court of Ulster County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.