■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD PURCELL, Appellant. [778 NYS2d 574]—Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered November 30, 2001, convicting defendant upon his plea of guilty of the crime of gang assault in the first degree.

Defendant, along with four codefendants, were charged in an indictment with various counts of assault and reckless endangerment following the brutal attack of a man outside a bar in the City of Kingston, Ulster County. After the trial against defendant had commenced, it was discontinued because he pleaded guilty to gang assault in the first degree. He was thereafter sentenced, in accordance with the plea agreement, to nine years in prison to be followed by a five-year period of postrelease supervision.

Defendant's sole contention on appeal is that the sentence is harsh and excessive. Based upon our review of the record and presentence investigation report, we disagree. The circumstances of the incident, as admitted by defendant, disclose that the victim was knocked to the ground by one of the codefendants and rendered unconscious. Defendant related that other codefendants started punching the victim in the face and kicking him in the ribs and legs. Defendant stated that he also kicked the victim in the ribs a number of times and that one of the codefendants pulled him off the victim. He stated that he and the codefendants then fled the scene even though he was aware that the victim's injuries were grave. The victim sustained serious injuries as a result of the attack, spending 40 days in the hospital and failing to regain fine motor skills after 15 months of therapy.

The crime was heinous in nature, evidencing defendant's total disregard for the sanctity of human life. In light of this and the fact that defendant received the sentence agreed to as part of the plea bargain, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see People v Creighton*, 298 AD2d 774, 775 [2002]; *People v Gregory*, 290 AD2d 810, 811 [2002], *lv denied* 98 NY2d 675 [2002]). The fact that defendant has a significant substance abuse problem and has five small children does not lead us to a contrary finding. Nor does the fact that all of the codefendants received lesser sentences since the circumstances surrounding the sentencing of each were different.

Mercure, J.P., Peters, Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.