(January 13, 2005)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE HAYNES, Appellant. [788 NYS2d 469]—

Rose, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered August 27, 2001, convicting defendant upon his plea of guilty of the crimes of murder in the second degree and robbery in the first degree.

On November 20, 2000, defendant, who was then 16 years old and aided by three accomplices, lured a pizza deliveryperson to an apartment complex in the City of Schenectady, Schenectady County, robbed him and hit him in the head with a baseball bat. The victim, though wounded, escaped alive. Eight days later, defendant, again assisted by two of the same accomplices, lured another deliveryperson to the same place, forced him into a vacant apartment, robbed him and savagely beat him to death with the same baseball bat.

In satisfaction of the ensuing 25-count indictment, defendant pleaded guilty to one count of armed robbery in the first degree and one count of murder in the second degree with the understanding that he would be sentenced to consecutive terms of 15 years on the robbery charge and 25 years to life on the murder charge. As part of the plea agreement, defendant agreed to cooperate in the prosecution of his accomplices. Prior to sentencing and just before the trial of one of his accomplices, however, defendant moved to withdraw his plea on the ground that he had changed his mind about cooperating with the prosecution. County Court denied the motion, finding that defendant had shown no basis for withdrawing his plea. Defendant then refused to testify at the trial of his accomplice. In turn, County Court later refused to impose the agreed-upon sentence and instead sentenced defendant to consecutive prison terms of 25 years on the robbery charge and 25 years to life on the murder charge, for an aggregate term of 50 years to life.

Defendant now appeals, alleging for the first time that when he pleaded guilty he was not advised that his failure to cooperate could result in a greater sentence. The People concede that the record does not reflect that County Court advised defendant of this possible consequence during the plea proceeding. Instead, they assert that defendant failed to preserve the issue for appellate review, and we must agree. As County Court's omission did not render defendant's sentence per se illegal, he was required to preserve the issue for review on appeal (*see People v Williams*, 300 AD2d 825, 827 [2002]; *see also People v Samms*, 95 NY2d 52, 55-56 [2000]). Defendant failed to do so, for he did not move to withdraw his plea based upon the potential imposition of an enhanced sentence (*see People v Covell*, 276 AD2d 824, 825

[2000]), object at the sentencing itself or move to vacate the judgment of conviction thereafter (*see People v Holmes*, 306 AD2d 889 [2003], *lv denied* 100 NY2d 621 [2003]; *People v Haas*, 229 AD2d 733, 734 [1996], *lv denied* 88 NY2d 1021 [1996]; *People v Ramirez*, 210 AD2d 56 [1994], *lv denied* 84 NY2d 1037 [1995]). Given the circumstances and the prejudice to the People resulting from the passage of time, we also decline to exercise our power to review the alleged error in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant similarly failed to preserve his claim that his plea to robbery in the first degree must be vacated because County Court did not advise him that he would be subject to a period of postrelease supervision (*see People v Van Gorden*, 307 AD2d 547, 548 [2003], *lv denied* 1 NY3d 581 [2003]). In any event, since defendant's sentence for second degree murder carries lifetime parole supervision, the imposition of postrelease supervision following his imprisonment for first degree robbery is duplicative and does not deprive him of the benefit of his plea bargain (*see* Penal Law § 70.40 [1] [b]).

Finally, in view of the shocking brutality of these crimes and defendant's role as the wielder of the murder weapon, we find no abuse of discretion or extraordinary circumstances that would warrant modification of the sentence (*see e.g. People v Purcell*, 8 AD3d 821, 822 [2004]).

Mercure, J.P., Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.