■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH E. CHAMBERLAIN, Appellant. [825 NYS2d 828]—

Rose, J. Appeal from a judgment of the County Court of Montgomery County (Catena, J.), rendered March 28, 2005, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.

Defendant pleaded guilty to driving while intoxicated in full satisfaction of a 14-count indictment and waived his right to appeal. Pursuant to the plea agreement, County Court agreed to recommend that defendant enter the Continuing Alcohol and Substance Abuse Treatment (hereinafter CASAT) program and, at sentencing, the court stated on the record: "I would highly recommend that . . . you get [the CASAT] program." Also pursuant to the plea agreement, County Court sentenced defendant to a prison term of 2 to 6 years, imposed a fine of $3,000 and, after a hearing, ordered him to pay restitution. Defendant now appeals.

Initially, defendant contends that County Court failed to fulfill its promise to recommend that he participate in the CASAT program because the court did not also include the recommendation on the statement of conviction form. Although this issue is not precluded by defendant's waiver of the right to appeal (*see e.g. People v Covell*, 276 AD2d 824, 826 [2000]), he nonetheless failed to preserve it for our review because there is no indication in the record that he has ever sought to amend the statement of conviction by raising the issue before County Court (*see People v Haynes*, 14 AD3d 789, 790-791 [2005], *lv denied* 4 NY3d 831 [2005]; *People v Haas*, 229 AD2d 733, 734 [1996], *lv denied* 88 NY2d 1021 [1996]). In any event, were we to review it, we would conclude that County Court did, as promised, place its recommendation on the record at the time of sentencing. Although County Court also represented that a copy of the sentencing minutes would go to the state, there is no indication in the record as to whether this occurred. Regardless, defendant has not explained how such an omission would have impeded his ability to qualify for the CASAT program, as we note that recommendation by a court is not a prerequisite (*see* 7 NYCRR 1950.3 [a]).

Defendant next argues that the amount of restitution awarded by County Court was excessive because, although there was evidence to support the result, an incorrect valuation method was utilized. However, defendant does not challenge County Court's legal authority to impose restitution as part of the sentence, and the issue he attempts to raise involves only the method or procedure by which the court arrived at the amount of restitution. Accordingly, he is precluded from raising this issue by his waiver of the right to appeal (*see People v Callahan*, 80 NY2d 273, 281 [1992]; *People v Williams*, 290 AD2d 590, 591 [2002]).

Finally, defendant's contention that County Court lacked the authority to order him to pay both restitution and a mandatory surcharge/crime victim assistance fee is without merit, since he had not yet made restitution (*see* Penal Law § 60.35 [6]; *People v Quinones*, 95 NY2d 349, 352 [2000]).

Mercure, J.P., Spain, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed.