■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHAN MILLIGAN, Appellant. [836 NYS2d 318]—

Crew III, J.P. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered August 10, 2005, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the fifth degree.

Defendant pleaded guilty to criminal sale of a controlled substance in the fifth degree in full satisfaction of a two-count indictment with the commitment to a sentence of 2 to 4 years in prison. Pursuant to the plea agreement, defendant was to cooperate in the prosecution of a codefendant and was to be "debriefed by the authorities." Finally, County Court admonished defendant that his failure to comply with the terms of the plea agreement would relieve the court of its sentencing commitment and subject defendant to an enhanced sentence of up to 3½ to 7 years in prison.

Upon defendant's appearance for sentencing, the People advised County Court that he had not fulfilled his obligation to cooperate with the prosecution, as the result of which the People requested an enhanced sentence. County Court advised defen-

dant that he had a right to a hearing, at which time the People bore the burden of proving that defendant had failed to comply with the plea agreement. As an alternative, the court offered defendant an enhanced sentence of $2^{1}/_{2}$ to 5 years in prison. Defendant declined the hearing and accepted the court's proposed enhanced sentence. As a consequence, County Court imposed the enhanced sentence of $2^{1}/_{2}$ to 5 years in prison and defendant now appeals.

We affirm. Initially, we note that defendant did not move to withdraw his plea or vacate the judgment of conviction and consequently has not preserved the issue of the propriety of his sentence for our review (*see e.g. People v Haynes*, 14 AD3d 789, 790-791 [2005], *lv denied* 4 NY3d 831 [2005]). In any event, were we to consider defendant's claim that his enhanced sentence constituted reversible error, we would find his contention without merit.

Carpinello, Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.