■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES WOODS, Appellant. [847 NYS2d 552]—

Judgment, Supreme Court, Bronx County (Dominic R. Massaro, J.), rendered April 12, 2006, convicting defendant, upon his plea of guilty, of assault in the second degree, and sentencing him, as a second violent felony offender, to a term of seven years followed by five years' postrelease supervision, unanimously reversed, on the law, the plea vacated, the full indictment reinstated and the matter remanded for further proceedings.

Defendant's guilty plea was involuntary because the court did not inform him, until the sentencing, that his sentence would include postrelease supervision (*see People v Louree*, 8 NY3d 541 [2007]; *People v Catu*, 4 NY3d 242 [2005]). The People's suggestion that postrelease supervision may have been men-

tioned at some court appearance not reflected in the record on appeal rests on speculation. This challenge to the voluntariness of the plea survives defendant's waiver of his right to appeal (*People v Seaberg*, 74 NY2d 1, 10 [1989]). We further note that, on the specific issue whether an appeal waiver precludes appellate review of a court's failure to advise a defendant pleading guilty that the bargained-for sentence will be followed by a specific period of mandatory postrelease supervision, the Court of Appeals in *People v Louree* appears to have implicitly rejected such a claim (8 NY3d 541 [2007], *revg* 28 AD3d 680 [2006]).

This determination renders defendant's remaining arguments academic. However, we caution that, in the event defendant again chooses to plead guilty to second-degree assault under Penal Law § 120.05 (2), the court should specifically ascertain that defendant admits causing physical injury by means of a deadly weapon or a dangerous instrument. Concur—Saxe, J.P., Marlow, Williams, Sweeny and Malone, JJ.