■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAOUL DILLON, Appellant. [890 NYS2d 221]—

Appeal from a judgment of the Niagara County Court (Peter L. Broderick, Sr., J.), rendered November 16, 2004. The judgment convicted defendant, upon his plea of guilty, of attempted robbery in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, and the matter is remitted to Niagara County Court for further proceedings on the indictment.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [1]), defendant contends that his waiver of the right to appeal is invalid. We reject that contention. The inclusion of a waiver of the right to appeal as a condition of the plea bargain is neither improper nor against public policy (*see People v Lopez*, 6 NY3d 248, 255 [2006]; *People v Seaberg*, 74 NY2d 1, 8-10 [1989]). Contrary to defendant's contention, County Court "did not improperly conflate the waiver of the right to appeal with those rights automatically forfeited by a guilty plea" (*People v Bentley*, 63 AD3d 1624, 1625 [2009], *lv denied* 13 NY3d 742 [2009]; *see People v Williams*, 49 AD3d 1281, 1282 [2008], *lv denied* 10 NY3d 940 [2008]; *People v Bilus*, 44 AD3d 325 [2007], *lv denied* 9 NY3d 1031 [2008]; *cf. People v Moyett*, 7 NY3d 892 [2006]). Defendant's challenge to the severity of the sentence is encompassed by the valid waiver of the right to appeal (*see Lopez*, 6 NY3d at 255-256).

We agree with defendant, however, that the judgment of conviction must be reversed and his plea vacated because the court failed to advise him prior to his entry of the plea that his

sentence would include a period of postrelease supervision (*see People v Hill*, 9 NY3d 189, 191-192 [2007], *cert denied* 553 US —, 128 S Ct 2430 [2008]; *People v Catu*, 4 NY3d 242 [2005]; *People v Walker*, 66 AD3d 1457 [2009]). Where, as here, " 'a trial judge does not fulfill the obligation to advise a defendant of postrelease supervision during the plea allocution, the defendant may challenge the plea as not knowing, voluntary and intelligent on direct appeal, notwithstanding the absence of a postallocution motion' " (*People v Boyd*, 12 NY3d 390, 393 [2009], quoting *People v Louree*, 8 NY3d 541, 545-546 [2007]), and that challenge survives defendant's waiver of the right to appeal (*see People v Cullen*, 62 AD3d 1155, 1156 [2009], *lv denied* 13 NY3d 795 [2009]; *People v Woods*, 46 AD3d 345 [2007]). Present—Scudder, P.J., Martoche, Smith, Carni and Green, JJ.