■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN BURNS, Appellant. (Appeal No. 1.) [894 NYS2d 304]—

Appeal from a judgment of the Erie County Court (Shirley Troutman, J.), rendered January 5, 2007. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law, the plea is vacated and the matter is remitted to Erie County Court for further proceedings on the indictment.

Memorandum: In appeal No. 1, defendant appeals from a

judgment convicting him upon his plea of guilty of robbery in the first degree (Penal Law § 160.15 [4]), and in appeal No. 2 he appeals from a judgment convicting him upon his plea of guilty of attempted murder in the second degree (§§ 110.00, 125.25 [1]). We agree with defendant that the judgments of conviction must be reversed and the pleas vacated because County Court failed to advise defendant prior to his entry of the pleas that his sentences would include periods of postrelease supervision (*see People v Catu*, 4 NY3d 242, 245 [2005]). Even assuming, arguendo, that the waiver by defendant of his right to appeal is valid, we conclude that his challenge to the pleas survives that waiver. "Where, as here, a trial judge does not fulfill the obligation to advise a defendant of postrelease supervision during the plea allocution, the defendant may challenge the plea as not knowing, voluntary and intelligent on direct appeal, notwithstanding the absence of a postallocution motion[,] . . . and that challenge survives defendant's waiver of the right to appeal" (*People v Dillon*, 67 AD3d 1382, 1383 [2009] [internal quotation marks omitted]). In view of our decision, we do not address defendant's remaining contention. Present—Scudder, P.J., Peradotto, Carni, Green and Gorski, JJ.