THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANTOS ANTONETTI, Appellant. [903 NYS2d 647]—

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered May 4, 2007. The judgment convicted defendant, upon his plea of guilty, of course of sexual conduct against a child in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law, the plea is vacated and the matter is remitted to Supreme Court, Monroe County, for further proceedings on the indictment.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [b]). We agree with defendant that the judgment of conviction must be reversed and his plea vacated because Supreme Court failed to advise him before he entered his plea that his sentence would include a period of postrelease supervision, and thus that his plea was not knowing, voluntary and intelligent (*see People v Hill*, 9 NY3d 189, 191-192 [2007], *cert denied* 553 US 1048 [2008]; *People v Burns*, 70 AD3d 1301 [2010]; *People v Dillon*, 67 AD3d 1382, 1382-1383 [2009]). We reach our conclusion even in the absence of a postallocution motion (*see People v Louree*, 8 NY3d 541, 545-546 [2007]; *Burns*, 70 AD3d at 1302; *Dillon*, 67 AD3d at 1383). Finally, because it is the obligation of the court to advise a defendant of the postrelease supervision component of the sentence, we reject the People's contention that a reconstruction hearing is warranted to determine whether defense counsel had informed defendant of the postrelease supervision requirement. Present—Smith, J.P., Lindley, Sconiers, Pine and Gorski, JJ.