■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE SMITH, Appellant. [922 NYS2d 219]—Appeal from a new sentence of the Onondaga County Court (William D. Walsh, J.), rendered January 30, 2008 imposed upon defendant's conviction of criminal sale of a controlled substance in the second degree. Defendant was resentenced pursuant to the 2005 Drug Law Reform Act upon his 1991 conviction.

It is hereby ordered that the sentence so appealed from is unanimously affirmed. Present—Smith, J.P., Centra, Peradotto, Gorski and Martoche, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID L. MAULL, Also Known as POOCHIE, Appellant. (Appeal No. 1.) [921 NYS2d 613]—

Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered June 26, 2009. The judgment convicted defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law, the plea is vacated and the matter is remitted to Cattaraugus County Court for further proceedings on the indictment.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal sale of a controlled substance in the third degree (Penal Law §§ 110.00, 220.39 [1]). We agree with defendant that his plea was not knowingly, voluntarily and intelligently entered because County Court failed to advise him before he entered his plea that his sentence would include a period of postrelease supervision (*see People v Catu*, 4 NY3d 242, 245 [2005]; *People v Antonetti*, 74 AD3d 1912 [2010]). We therefore conclude that reversal is required, "notwithstanding the absence of a postallocution motion" (*People v Louree*, 8 NY3d 541, 546 [2007]). In light of our determination, we need not address defendant's remaining contentions. Present—Smith, J.P., Centra, Peradotto, Gorski and Martoche, JJ.