# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

763

KA 13-00657

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MISTY L. PRIAL, DEFENDANT-APPELLANT.

---

DANIEL M. GRIEBEL, BUFFALO, FOR DEFENDANT-APPELLANT.

KEITH A. SLEP, DISTRICT ATTORNEY, BELMONT, FOR RESPONDENT.

---

Appeal from a judgment of the Allegany County Court (Thomas P. Brown, J.) rendered December 19, 2012. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment.

It is hereby ORDERED that the judgment so appealed from is affirmed.

Memorandum: Defendant appeals from a judgment revoking the period of probation imposed upon her conviction of criminal sale of a controlled substance in the third degree and sentencing her to a determinate term of imprisonment. Contrary to defendant's contention, the sentence is not unduly harsh or severe. Although defendant had no prior felony convictions, she had numerous misdemeanor convictions, and indeed the instant probationary sentence was to run concurrently with another term of probation imposed on one such misdemeanor. Furthermore, following this conviction involving the sale of drugs, defendant repeatedly violated the terms of her probationary sentence by using opiates and other illegal drugs, failed to complete drug programs and to comport with her Drug Court contract, abandoned her children with a relative, and absconded from supervision. Contrary to the dissent, we conclude that "the fact that . . . the codefendant[] received [a] lesser sentence[ is not germane because] the circumstances surrounding the sentencing of [the codefendant] were different" (*People v Purcell*, 8 AD3d 821, 822; *see People v Versaggi*, 296 AD2d 429, 430, *lv denied* 98 NY2d 714; *People v Davis*, 203 AD2d 818, 818, *lv denied* 84 NY2d 824).

All concur except FAHEY and SCONIERS, JJ., who dissent and vote to modify in accordance with the following Memorandum: We respectfully dissent inasmuch as we agree with defendant that the sentence of imprisonment imposed is unduly harsh and severe. Although defendant was convicted of a class B felony, her crime is a nonviolent one that arises from her sale of five morphine pills to a confidential

informant for a total of $50.  Defendant has a criminal history that,
albeit lengthy, includes no prior felony convictions.  We note that
the record reflects that defendant's former husband was a codefendant
who was charged with the same crimes as defendant with respect to the
drug transaction at issue but who received a much more lenient
sentence than did defendant.  Even considering defendant's multiple
failures to complete drug court treatment, we cannot conclude that
what amounts to a sentence of five years of incarceration for the sale
of five morphine pills is just under the circumstances of this case.
We would therefore modify the judgment as a matter of discretion in
the interest of justice by reducing the sentence of imprisonment to a
determinate term of two years of incarceration, to be followed by the
two years of postrelease supervision imposed by County Court.