# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

269

KA 07-00713

PRESENT: SCUDDER, P.J., LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                   MEMORANDUM AND ORDER

JARVIS LASSALLE, DEFENDANT-APPELLANT.

---

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL),
FOR DEFENDANT-APPELLANT.

JARVIS LASSALLE, DEFENDANT-APPELLANT PRO SE.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DONNA A. MILLING OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Shirley
Troutman, J.), rendered February 26, 2007. The judgment convicted
defendant, upon his plea of guilty, of robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously reversed on the law, the plea is vacated and the matter is
remitted to Erie County Court for further proceedings on the
indictment.

Memorandum: Defendant was convicted upon a plea of guilty of
robbery in the first degree (Penal Law § 160.15 [4]). On a prior
appeal, we affirmed the judgment of conviction (*People v Lassalle*, 55
AD3d 1286, *lv denied* 11 NY3d 926), but we subsequently granted
defendant's second motion for a writ of error coram nobis (*People v
Lassalle*, 114 AD3d 1226). Upon reviewing the appeal de novo, we agree
with defendant that the judgment of conviction must be reversed and
his plea vacated "because County Court failed to advise [him] prior to
his entry of the plea[] that his sentence[] would include [a] period[]
of postrelease supervision" (*People v Burns*, 70 AD3d 1301, 1302,
citing *People v Catu*, 4 NY3d 242, 245).

Contrary to the contention of the People, the mere fact that the
court informed defendant that a period of postrelease supervision
could have been imposed as part of a maximum sentence does not
establish that defendant "was aware that the terms of the court's
promised sentence included a period of [postrelease supervision]"
(*People v Cornell*, 16 NY3d 801, 802). Moreover, as we noted in the
codefendant's appeal, we may address the merits of defendant's
contention notwithstanding a valid waiver of the right to appeal or
the absence of a postallocution motion (*see Burns*, 70 AD3d at 1302).

In view of our decision, we do not address defendant's remaining contentions raised in his pro se supplemental brief.

Entered:  March 20, 2015                 Frances E. Cafarell
                                         Clerk of the Court