# SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**433**

**KA 12-01988**

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

DAVID KITCHING, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered January 24, 2012. The judgment convicted defendant, upon his plea of guilty, of gang assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of gang assault in the second degree (Penal Law § 120.06), defendant contends that the waiver of the right to appeal is not valid and challenges the severity of the sentence. Although we agree with defendant that the waiver of the right to appeal is invalid because the perfunctory inquiry made by County Court was "insufficient to establish that the court 'engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice' " (*People v Brown*, 296 AD2d 860, 860, *lv denied* 98 NY2d 767; *see People v Jones*, 107 AD3d 1589, 1589-1590, *lv denied* 21 NY3d 1075), we nevertheless conclude that the sentence is not unduly harsh or severe. "[T]he fact that . . . the codefendants received lesser sentences [is not germane because] the circumstances surrounding the sentencing of each were different" (*People v Purcell*, 8 AD3d 821, 822; *see People v Prial*, 118 AD3d 1498, 1499, *lv denied* 24 NY3d 963).

Entered:  May 1, 2015                          Frances E. Cafarell
                                               Clerk of the Court