The People of the State of New York, Respondent,
against
Emiliano Aragon, Appellant.



Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Gene R. Lopez, J.), rendered April 29, 2013. The judgment convicted defendant, upon his plea of guilty, of aggravated driving while intoxicated per se.




ORDERED that the judgment of conviction is affirmed.
Following a motor vehicle accident, defendant was charged with aggravated driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2-a] [a]), driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2]), and common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]). A breath test measured defendant's blood alcohol content at .227, above the blood alcohol content of at least .18 of one percentum by weight of alcohol required to support a charge of aggravated driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2-a] [a]).
At a court appearance before Criminal Court Judge Gene R. Lopez, the parties agreed that defendant would plead guilty "to the charge"; that he would be sentenced to a conditional discharge and required to attend drunk driving and victim impact panels; and that the court would impose a $1,000 fine and direct that an ignition interlock be installed in any vehicle operated by defendant for one year. 
The court indicated that it was willing to "drop the fine to $500." Counsel asked whether a $500 fine could be imposed on a conviction of aggravated driving while intoxicated (Vehicle and Traffic Law § 1192 [2-a] [a]). The court replied that it could not, that it had mistakenly thought that defendant was pleading guilty to driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2]). The court then indicated that the fine would have to be $1,000. Counsel stated that he had "explained that to him [defendant]," and that defendant wanted "to go forward with the plea." The court stated to defendant that his counsel had indicated that "you want to plead guilty to the aggravated operation of a motor vehicle while under the influence of alcohol or drugs. Is that what you want to do?" Defendant replied, "[y]es." The court informed defendant of the various components of the sentence, including the imposition of a $1,000 fine.
Defendant admitted that he had operated a motor vehicle on March 9, 2012, on Union Turnpike, while he had been intoxicated. The court asked defendant's counsel if he agreed "for purposes of the plea that the People would have established your client's blood alcohol content was above .80." Counsel replied, "for purposes of today, I will." On April 29, 2013, defendant was sentenced as promised, including the imposition of a $1,000 fine.
Several documents in the court file indicate that defendant was convicted of driving while [*2]intoxicated per se (Vehicle and Traffic Law § 1192 [2]), rather than aggravated driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2-a] [a]).
On appeal, defendant argues that he was convicted of driving while intoxicated per se, for which a fine between $500 and $1,000 may be imposed, instead of aggravated driving while intoxicated per se, for which a fine between $1,000 and $2,500 may be imposed (see Vehicle and Traffic Law § 1193 [1] [b] [i]). Thus, the fine should be reduced to $500. The People contend that the plea allocution and the sentence clearly indicate that defendant pleaded guilty to aggravated driving while intoxicated per se, and that he understood that he was pleading guilty to that charge. The People further argue that defendant's claim is unpreserved for appellate review, as he never argued in the Criminal Court that he actually pleaded guilty to driving while intoxicated per se and that the fine should be reduced. The People assert that the documents in the court file contain incorrect information, which "should be attributed to clerical error, as the record is clear that defendant did indeed plead guilty under section 1192 2-a," and that the Criminal Court "misquoted" the statutory minimum blood alcohol content for aggravated driving while intoxicated per se as ".80," rather than .18.
In our view, the judgment of conviction should be affirmed.
Defendant did not object to the plea to aggravated driving while intoxicated per se, or to the imposition of a $1,000 fine at sentencing. Nor did he move to vacate his plea, or to vacate the judgment of conviction or the fine pursuant to CPL 440.10 or 440.20, after he had learned that several court documents indicated that he had been convicted of driving while intoxicated per se. Thus, defendant's claim is unpreserved for appellate review (see People v Haynes, 14 AD3d 789, 790-791 [2005]; People v Haas, 229 AD2d 733, 734 [1996]). We note that, even if defendant had been convicted of driving while intoxicated per se, a fine of $1,000 was not illegal (see Vehicle and Traffic Law § 1193 [1] [b] [i]; People v Haynes, 14 AD3d at 790).
In any event, the transcripts of the plea and sentence proceedings clearly indicate that defendant pleaded guilty to aggravated driving while intoxicated per se. The court initially believed that it could reduce the fine to $500 (the minimum fine for driving while intoxicated per se), until defendant's counsel indicated that defendant had agreed to plead guilty to aggravated driving while intoxicated per se. The court stated that it had mistakenly believed that defendant was pleading guilty to driving while intoxicated per se, and indicated that the fine for aggravated driving while intoxicated would have to be $1,000 (the minimum therefor). Counsel "explained that to" defendant, and indicated that defendant wanted "to go forward with the plea." Defendant agreed that he wanted "to plead guilty to the aggravated operation of a motor vehicle while under the influence of alcohol or drugs." The court informed defendant of the various components of the sentence, including the imposition of a $1,000 fine, which was imposed. Thus, notwithstanding the documents in the court file, defendant clearly pleaded guilty to the offense of aggravated driving while intoxicated per se.
Accordingly, the judgment of conviction is affirmed.
Solomon, J.P., Aliotta and Elliot, JJ., concur.
Decision Date: June 29, 2016