# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

338

KA 14-00631

PRESENT: WHALEN, P.J., SMITH, CARNI, LINDLEY, AND NEMOYER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                         MEMORANDUM AND ORDER

NOEL R. RIVERA, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (David D. Egan, J.), rendered March 21, 2011. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree and burglary in the first degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of murder in the second degree (Penal Law § 125.25 [1]) and two counts of burglary in the first degree (§ 140.30 [2], [3]). Defendant was sentenced to an indeterminate term of incarceration of 15 years to life for murder, to be served concurrently with determinate terms of 15 years imposed on the burglary counts. With respect to the burglary counts, defendant was also sentenced to five-year periods of postrelease supervision (PRS).

We agree with defendant that Supreme Court breached its obligation to advise him, at the time of the plea, that the sentences imposed upon his conviction of two counts of burglary would include periods of PRS (*see People v Catu*, 4 NY3d 242, 244-245). In these circumstances, however, we conclude that reversal of the judgment of conviction and vacatur of the plea are not required (*cf. id.* at 245; *People v Corsaro*, 128 AD3d 1538, 1538). Because "defendant is subject to 'lifetime parole supervision, the imposition of postrelease supervision following his imprisonment for [burglary] is duplicative and does not deprive him of the benefit of his plea bargain' " (*People v Gillard*, 126 AD3d 1285, 1286, quoting *People v Haynes*, 14 AD3d 789, 791, *lv denied* 4 NY3d 831).

Entered:  March 24, 2017                        Frances E. Cafarell
                                               Clerk of the Court