People v Jenkins (2018 NY Slip Op 07146)





People v Jenkins


2018 NY Slip Op 07146


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2016-01429
 (Ind. No. 14-1100)

[*1]The People of the State of New York, respondent,
v
Dontan Jenkins, appellant.


Scott M. Bishop, White Plains, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Brian R. Pouliot and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Barry E. Warhit, J.), rendered October 1, 2015, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant pleaded guilty to murder in the second degree and criminal possession of a weapon in the second degree. At the plea hearing, the County Court did not inform the defendant that the sentence for criminal possession of a weapon in the second degree would include a mandatory term of postrelease supervision. At a subsequent sentencing hearing, the court sentenced the defendant to an indeterminate term of imprisonment of 17 years to life for murder in the second degree, and a concurrent determinate term of imprisonment of 15 years for criminal possession of a weapon in the second degree to be followed by a five-year term of postrelease supervision. The defendant appeals. We affirm.
Contrary to the defendant's contention, the record demonstrates that he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Sanders, 25 NY3d 337, 341-342; People v Bryant, 159 AD3d 715, 716).
Since the County Court failed to inform the defendant that his sentence for criminal possession of a weapon in the second degree would include a term of postrelease supervision, his claim that the plea was therefore not knowing, voluntary, and intellegent survives his valid waiver of the right to appeal (see People v Burns, 70 AD3d 1301, 1301-1302). Here, the imposition of postrelease supervision was duplicative of the lifetime parole supervision that the defendant was subject to as part of his sentence for murder in the second degree (see People v Rivera, 148 AD3d 1672; People v Haynes, 14 AD3d 789, 791). Under these circumstances, the court's failure to inform the defendant of the postrelease supervision component of his sentence for criminal possession of a weapon in the second degree did not deprive the defendant of the benefit of his plea agreement (see People v Rivera, 148 AD3d 1672; People v Blunt, 93 AD3d 675, 675-676; People [*2]v Haynes, 14 AD3d 789, 791).
The defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent survives his valid waiver of the right to appeal (see People v Bryant, 159 AD3d at 716). However, the defendant failed to preserve this contention for appellate review, since he did not move to withdraw his plea on this ground prior to the imposition of the sentence (see People v McClenic, 155 AD3d 1064, 1064). In any event, the defendant's contention is without merit.
RIVERA, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court